June 28, 2023

Re: <u>Famiglietti v. NYC Department of Sanitation et al.,</u>
Docket No.: 23-cv-02754 (LDH) (VMS)
Plaintiff's Letter Response in Opposition

<u>Via ECF</u>
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Dear Judge Hall:

The Law Office of Chad J. LaVeglia PLLC represents Plaintiff. Plaintiff submits this reply in support of his intended opposition pursuant to Rule III(A)(5) of your Honor's Individual Practices.

I. DEFENDANTS CANNOT PASS THE THRESHOLD SINCE THEY DO NOT, AND CANNOT, ACCEPT THAT THE COVID-19 VACCINE NEVER STOPPED TRANSMISSION OF THE VIRUS.

The Court should not permit Defendants to proceed since their anticipated motion relies on disputed facts central to Plaintiff's claims. It is beyond well settled that in deciding a Rule 12 (b) (6) motion to dismiss this Court is bound to accept all factual allegations in the complaint as true. <u>Ashcroft v Iqbal</u>, 556 U.S. 662, 678 [2009]. Furthermore, this Court's "task is to assess the legal feasibility of the complaint; it is not to assess the weight of evidence that might be offered by either side: Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible." <u>Lynch v. City of New York et al.</u>, 952 F.3d 67, 75 [2d Cir. 2018]. "The choice between or among plausible inferences or scenarios is one for the fact finder. . .. [it] is not a choice to be made by the court on a Rule 12(b)(6) motion." *Id.*

Here, it cannot be clearer that Plaintiff avers that the vaccination does not stop the spread of the virus SARS-CoV-2 (*see Comp.* ¶¶ 1-40). If Defendants accepted the facts and inferences supporting Plaintiff's assertion—as it must—then it cannot, in good faith, claim that the Mandate was rationally related to stemming the spread of COVID-19. *See e.g.* <u>People v Acme Markets Inc.</u>, 37 N.Y.326 [1975]. Defendants do not make it to the doors of plausibility.

II. THE SUPREME COURT HAS ACKNOWLEDGED THAT PLAINTIFF IS SIMILARLY SITUATED TO ALL OTHER HUMAN BEINGS.

The United States Supreme recently stayed the Occupational Safety and Health Administration (OSHA) mandate requiring that roughly 84 million workers receive the COVID-19 vaccine. <u>NFIB v. OSHA</u> 595 U.S. _ [2022] (per curium). The Court clearly articulated that COVID-19 is not an occupational hazard specific to the

1

workplace (*id.* at 6). It is a universal risk that occurs wherever people gather in public (*id.* at 7). Notably, the Court stated that "a vaccine mandate is strikingly unlike" typical workplace regulations *id.* After all, the Court said "[vaccination] cannot be undone at the end of the workday." The highest authority in the land prevails over Defendants myopic view.

Regardless, Plaintiff has established that he is similarly situated to all human beings in New York City since all human beings are susceptible to getting infected and spreading the virus. *See* Hu v. City of New York, 927 F.3d 81 [2d Cir. 2019] (holding that a plaintiff merely must show that there is a "reasonably close resemblance" to a comparator). Here, Plaintiff has plead facts that rise above a simple close resemblance.

    III.    DEFENDANTS "CLASS OF ONE" ANALYSIS IS CORRECT. PLAINTIFF INTENDS TO ABANDON HIS CLASS OF ONE CLAIM.

    IV.    DEFENDANTS CONDUCT IS THE EPITOME OF SELECTIVE ENFORCEMENT.

To establish claim of Selective Enforcement at the pleading stage, Plaintiff must plausibly establish that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate or on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Zahra v. Town of Southold, 48 F.3d 674, 683 [2d Cir. 1995].

The defendants challenge revolves around their view that Plaintiff was not similarly situated to every other human being in the City. Instead, Defendants assert that Plaintiff was similarly situated only to other workers whose employment was not terminated. According to the Supreme Court, Defendants comparison is incorrect since COVID-19 is not specific to the workplace. According to Defendants repeated assertion that the virus was "highly contagious", Plaintiff is similarly situated to other human beings in the City. According to this Circuit, Defendants, at best, identify a disputed question of fact *see* Clubside, Inc. v. Valentin, 468 F.3d 144, 159 [2d Cir.2006] (stating "whether parties are similarly situated is [generally] a fact-intensive inquiry that depends heavily on the particular context of the case at hand."). Accordingly, Defendants challenge is improper as well.

    V.    DEFENDANTS CANNOT ESTABLISH THAT PLAINTIFF'S CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE IS IMPLAUSIBLE.

Defendants' conclusory analysis is insufficient to show that the complaint fails to state a legal cause of action. To make out a claim for failure to accommodate Plaintiff must plead facts showing that (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of his belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. Baker v. Home Depot, 445 F.3d 541, 546 [2d Cir. 2006]. "The term 'religion' includes all aspects of religious observance and practice,

as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." Hamilton v. City of New York, 2021 WL 4439974, at *4 [E.D.N.Y. 2021]. Defendants grasp at straws here and completely fail to show how the complaint fails to state a cause of action.

## VI. DEFENDANTS MISCONSTRUE PLAINTIFFS' RELIGIOUS DISCRIMINATION CLAIM PURSUANT TO TITLE VII.

Defendants incorrectly use the McDonnell Douglas framework at the pleading stage. *See* McDonnell Douglas Corp v. Green, 411 U.S. 792 [1973]. At the pleading stage, Plaintiff must only proffer enough facts to "give plausible support to a minimal inference of discriminatory motivation" Littllejohn v. City of New York, 795 F.3d 297, 311 [2d Cir. 2015]. *See also* Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, 511 [2002](finding that the McDonnell Douglas prima facie standard is "an evidentiary standard, not a pleading requirement" and that an employment discrimination complaint need not include such facts and instead must comply with Fed. R. Civ. P. § 8[a][2]). Nevertheless, Plaintiff has met his burden at the pleading stage (*see e.g. Comp* ¶¶ 150-243). Defendants correctly note that "Plaintiff does not plead a single fact that give rise to an inference of discrimination . . ."; Plaintiff pleads substantially more than one fact giving rise to multiple alternatives in which discrimination can be inferred *id.* Accordingly, Defendant's anticipated motion to dismiss this claim also fails.

Dated:   June 28, 2023
         Hauppauge, New York

                                              Respectfully Submitted,

_____
By: Chad J. Laveglia Esq.,
Law Office of Chad J. LaVeglia PLLC
350 Motor Parkway, Ste #308
Hauppauge, NY 11788
(631) 450-2468
claveglia@cjLLaw.org

3