No. 23 Civ 2754 (LDH)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROCCO FAMIGLIETTI,

                                                                Plaintiff,

                        - against -

NEW YORK CITY DEPARTMENT OF SANITATION,
CITY OF NEW YORK, ERIC ADAMS, DAVID
CHOKSHI,

                                                                Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, N.Y.  10007*

*Of Counsel:  Kathleen M. Linnane*
*Tel: (212) 356-2467*
*Matter No. 2023-031411*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES...................................................................... iii

PRELIMINARY STATEMENT ..............................................................1

STATEMENT OF FACTS.......................................................................2

      A.  Background.................................................................................2

      B.  The City's Reasonable Accommodation Process...................2

      C.  Plaintiff's Allegations in the Complaint..............................3

      D.  Plaintiff's Allegations in his EEOC Charge ........................4

ARGUMENT

      POINT I

      DSNY IS NOT A SUABLE ENTITY.........................................................5

      POINT II

      PLAINTIFF FAILED TO TIMELY EXHAUST HIS
      ADMINISTRATIVE  REMEDIES  PRIOR  TO
      SEEKING COURT INTERVENTION .....................................................6

      POINT III

      PLAINTIFF'S  CLAIMS  THAT  DEFENDANTS
      VIOLATED  THE  EQUAL  PROTECTION
      CLAUSES  OF  THE  UNITED  STATES
      CONSTITUTION  AND  NEW  YORK  STATE
      CONSTITUTION  FAIL  AND  MUST  BE
      DISMISSED ..........................................................................................10

      A.  Standard of Law ...................................................................10

      B.  Plaintiff Fails to Demonstrate That Defendants
          Violated  the  Equal  Protection  Clause  of  the
          United States Constitution....................................................10

          Plaintiff's "Class of One" Claim Fails Because
          Plaintiff Cannot Bring a "Class of One" Claim in
          the Context of Public Employment ....................................11

**Page**

Plaintiff's Selective Enforcement Claim Fails Because Plaintiff Fails to Demonstrate that He Was Treated Differently than Any Other Similarly Situated Individual ............................................................... 11

C.  Plaintiff Does Not Have a Private Right of Action Under the New York State Constitution .............................................. 14

POINT IV

THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII ................................................................................................. 14

POINT V

THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII .................................................. 16

A.  Plaintiff's Placement on LWOP and Termination for His Failure to Meet a Condition of Employment Is Not Discipline ........................................... 17

B.  Plaintiff Fails to Establish that He Has a Bona Fide Religious Belief That Conflicts With a Condition of Employment ................................................. 18

CONCLUSION ............................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Alwan v. City of New York,
    311 F. Supp. 3d 570 (E.D.N.Y. 2018) ........................................................................ 14

In the matter of the Application of Andrew Ansbro, as President of the Uniformed
    Firefighters Ass'n v. de Blasio,
    Index No. 159738/2021 (N.Y. Sup, N.Y. Cnty) ...................................................... 15

Annis v. County of Westchester,
    136 F.3d 239 (2d Cir. 1998) ....................................................................................... 8

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ................................................................................................. 10

Baker v. Home Depot,
    445 F.3d 541 (2d. Cir. 2006) .................................................................................... 17

Bath et al. v. FDNY et al.,
    2023 N.Y. Misc. LEXIS 2744
    (Sup. Ct. N.Y. Cnty, Jun. 2, 2023) .................................................................... 8, 19

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................. 10

Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms.,
    5 N.Y.3d 30 (2005) .................................................................................................... 9

Broecker v. N.Y.C. Dep't of Educ.,
    No. 21-CV-6387(KAM)(LRM), 2022 U.S. Dist. LEXIS
    25104 (E.D.N.Y. Feb. 11, 2022) ...................................................................2, 15, 17

Buari v. City of New York,
    530 F. Supp. 3d 356 (S.D.N.Y. 2021) ...................................................................... 14

Burns v. City of Utica,
    590 Fed. Appx. 44 (2d Cir. 2014) ............................................................................ 11

Carter v. State,
    95 N.Y.2d 267 (N.Y. 2000) ....................................................................................... 9

Casciani v. Nesbitt,
    659 F. Supp. 2d 427 (W.D.N.Y. 2009) .................................................................... 12

Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y.,
    213 A.D.3d 548 (N.Y. Ct. App. Feb. 21, 2023) ...................................................... 17

**Cases**                                                                                          **Pages**

Cooper v. Franklin Templeton Invs.,
    2023 U.S. App. LEXIS 14244 (2d Cir. 2023) ........................................................................ 15

D'Cunha v. Northwell Health Sys.,
    2023 U.S. Dist. LEXIS 33343
    (S.D.N.Y. Feb. 28, 2023) ........................................................................ 16

Davila v. City of New York et al.,
    Index No. 156349/2022 (Sup. Ct. Rich. Cnty, Aug. 31, 2023) ................................ 8

Demerest v. New York City Police Dep't et al.,
    2023 N.Y. Misc. LEXIS 328
    (Sup. Ct. N.Y. Cnty. Jan. 24, 2023) ........................................................................ 8

Engquist v. Or. Dep't of Agric.,
    553 U.S. 591 (2008) ........................................................................ 11

Farca v. Bd. of Educ. of the City Sch. Dist. of N.Y.,
    2022 N.Y. Misc. LEXIS 9341
    (Sup. Ct. N.Y. Cnty. Nov. 9, 2022) ........................................................................ 8

Ferguson v. Park Slope Food Co-Op,
    No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS
    40766 (E.D.N.Y. Mar. 10, 2023) ........................................................................ 6

Guichardo v. Dollar Tree,
    16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869
    (E.D.N.Y. July 1, 2016) ........................................................................ 6

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013) ........................................................................ 10

Hu v. City of New York,
    2022 U.S. Dist. LEXIS 10682
    (E.D.N.Y. Jan. 20, 2022) ........................................................................ 12

Jaloza v. New York City Dep't of Educ. et al.,
    Index. No. 706616/2023
    (Sup. Ct. Queens Cnty. Jul. 24, 2023) ........................................................................ 8

Johnson v. City of New York et al.,
    2023 N.Y. Misc. LEXIS 2910
    (Sup. Ct. N.Y. Cnty. Jun. 12, 2023) ........................................................................ 8

**Cases**                                                                                                   **Pages**

Josie v. City of New York,
    2023 U.S. Dist. LEXIS 95687
    (E.D.N.Y. Jun. 1, 2023) .......................................................................................... 14

L-7 Designs Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011) ................................................................................. 4

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015) .............................................................................. 3, 16

Marciano v. De Blasio,
    2022 U.S. Dist. LEXIS 41151 (S.D.N.Y. Mar. 8, 2022) .................................... 15, 17

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
    631 F.3d 57 (2d Cir. 2011) ................................................................................. 10

McGuirk v. Swiss Re Fin. Servs., Corp.,
    2016 U.S. Dist. LEXIS 81338
    (S.D.N.Y. Jun. 17, 2016) ...................................................................................... 8

Mendez v. FDNY et al.,
    2023 N.Y. Misc. LEXIS 2352
    (Sup. Ct. N.Y. Cnty., May 12, 2023) .................................................................... 8

Mundy v. Nassau County Civil Serv. Commn.,
    44 N.Y.2d 352 (1978) ........................................................................................... 9

Nat'l R.R. Passenger Corp. v. Morgan,
    536 U.S. 101, 153 L. Ed. 2d 106 (Jan. 9, 2002) ............................................... 8, 9

O'Leary v. Town of Huntington,
    2012 U.S. Dist. LEXIS 126086 (E.D.N.Y. Sep. 15, 2012) .................................. 8

O'Reilly v. Bd. of Ed.,
    2022 N.Y. Slip. Op. 30173(U) ............................................................................ 17

Okin v. Vill. of Cornwall-on-Hudson Police Dep't,
    577 F.3d 415 (2d Cir. 2009) .............................................................................. 13

Phaire v. Mayor of New York City, et al.,
    Index No. 863/2022
    (Sup. Ct. Kings Cnty., Aug. 9, 2023) .................................................................... 8

Phillip v. Dep't of Sanitation,
    No. 16 Civ. 2412, 2019 U.S. Dist. LEXIS 32590
    (E.D.N.Y. Feb 28, 2019) ..................................................................................... 5-6

**Cases**                                                                                                   **Pages**

Picinich v. N.Y.C. Dep't of Educ.,
   No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959
   (E.D.N.Y. July 11, 2018)..........................................................................................13

Pierre v. Fire Dept. of the City of N.Y.,
   (Art. 78), 2023 N.Y. Misc. LEXIS 1272
   (Sup. Ct. N.Y. Cnty. Mar. 23, 2023) ......................................................................19

Robles v. Cox & Co.,
   841 F. Supp. 2d 615 (E.D.N.Y. 2012)....................................................................6, 7

Sirisena v. City of Univ. of N.Y.,
   17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384
   (Mar. 31, 2019)............................................................................................................6

Solomon v. Cnty. of Nassau,
   2021 U.S. Dist. LEXIS 230153
   (E.D.N.Y. Dec. 1, 2021) ..............................................................................................8

Stuevecke v. New York Hosp. Med. Ctr. of Queens,
   2003 U.S. Dist. LEXIS 14793
   (E.D.N.Y. Aug 26, 2003) .............................................................................................9

Sullivan v. City of Long Beach,
   No. CV 22-1163 (DG)(AYS), 2023 U.S. Dist. LEXIS 26004
   (E.D.N.Y. Feb. 15, 2023) ...........................................................................................11

Talarico v. Port Auth. of N.Y. & N.J.,
   367 F. Supp. 3d 161 (S.D.N.Y. 2019) ......................................................................14

Terry v. Ashcroft,
   336 F.3d 128 (2d Cir. 2003) ......................................................................................11

Vega v. Hempstead Union Free Sch. Dist.,
   801 F.3d 72 (2d Cir. 2015) ...................................................................................14, 16

Walton v. N.Y. State Dep't of Corr. Servs.,
   8 N.Y.3d 186 (2007)....................................................................................................9

We The Patriots USA, Inc. v. Hochul,
   Nos. 21-2179, 2102566, 17 F.4th 266, 2021 U.S. App.
   LEXIS 32880, 2021 WL 5121983 (2d Cir. 2021).....................................................15

West v. Atkins,
   487 U.S. 42 (1988) .....................................................................................................11

**Cases**                                                                                      **Pages**

Williams v. City of N.Y.,
    No. 14-CV-2191 (ARR), 2016 U.S. Dist. LEXIS 191214
    (E.D.N.Y. Mar. 23, 2016)................................................................................12

Ximines v. George Wingate High Sch.,
    516 F.3d 156 (2d Cir. 2008) .........................................................................5

**Statutes**

42 U.S.C. § 1983 .........................................................................................10, 11, 14

42 U.S.C. § 2000e-5(e)1 ........................................................................................6

Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 10

NYC Charter § 396.................................................................................................5

**Other Authorities**

NYS Const. Art. I § XI .......................................................................................1, 5

## PRELIMINARY STATEMENT

Plaintiff Rocco Famiglietti, a sanitation worker formerly employed by Defendant New York City Department of Sanitation ("DSNY"), brings this action against DSNY, the City of New York ("City"), Eric Adams, and David Chokshi, alleging religious discrimination and failure to accommodate pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  Plaintiff further alleges violations of his rights to equal protection under the Fourteenth Amendment to the United States Constitution and Article I § XI of the New York State Constitution.

The Complaint ("Compl.") must be dismissed in its entirety.  First, amongst a litany of conspiratorial theories and irrelevant propositions, Plaintiff fails to demonstrate that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and he thus has not exhausted his administrative remedies prior to the commencement of this proceeding.  Second, Plaintiff cannot bring a "Class of One" claim in the employment context, and because the Complaint fails to demonstrate that he was treated differently by Defendants than any other similarly-situated individuals, his equal protection claims fail.  Third, the Complaint fails to state a cause of action for failure to accommodate, and because Plaintiff further fails to plausibly allege facts that demonstrate his religion was a motivation in DSNY's decision to terminate his employment, his Title VII claims, therefore, fail.  Finally, because there is no private right to action under the New York State Constitution, Plaintiff's equal protection claims pursuant to the New York State Constitution also fail.

For these reasons, and as set forth more fully below, the Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### A.    Background

On October 20, 2021 the former Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("Vaccine Mandate").  The Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it.  Thus, the Vaccine Mandate is unassailable and legally sound.

Critical to this case is that the Vaccine Mandate creates a condition of employment for City employees, including Plaintiff, to be vaccinated.  On this point, the law is clear. This Court has unequivocally held that the Vaccine Mandate is a "condition of employment" for City employees such as Plaintiff.  See Garland, No. 21—CV-6586(KAM)(CLP), 2021 U.S. Dist. LEXIS 233142, at **14 (E.D.N.Y. Dec. 6, 2021); see also Broecker v. N.Y.C. Dep't of Educ., No. 21-CV-6387(KAM)(LRM), 2022 U.S. Dist. LEXIS 25104, at *22 (E.D.N.Y. Feb. 11, 2022) (holding that the COVID-19 vaccine mandate applicable to New York City Department of Education employees created a "lawful condition of employment.").

The law of this case – as well as holdings in similar cases brought in the Southern District of New York and New York Supreme Court – is likewise clear that because vaccination against COVID-19 is a condition of employment, non-compliant employees can be terminated based on their failure to satisfy this condition.

### B.    The City's Reasonable Accommodation Process

In response to the COH Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests.  One day after the issuance of the Vaccine Mandate, on October 21,

2021, the Department of Citywide Administrative Services ("DCAS") issued guidance with respect to the vaccination requirement, which included the "FAQ on New York City Employees Vaccine Mandate," (see https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf (last accessed on April 7, 2022) and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate." See https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/vaccine-reasonable-accommodation-process.pdf (last accessed September 2, 2023). These documents laid out the guidelines for seeking an exemption from the Vaccine Mandate through a reasonable accommodation request. Any City employee who was denied a reasonable accommodation by their agency had the right to appeal that denial. Id. All appeals were reviewed by the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). The Citywide Panel was created specifically in response to the DOHMH Order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

## C.    Plaintiff's Allegations in the Complaint[1]

Plaintiff alleges that he was employed with Defendant DSNY as a Sanitation Worker from on or about September 14, 2014 until the termination of his employment on April, 25, 2022. See Compl. ¶¶1, 9, 71, 113. Plaintiff applied for a religious accommodation to the Vaccine Mandate following the procedures set forth above. Plaintiff alleges that on October 27, 2021, he submitted a request by email to the DSNY for a religious accommodation to the Vaccine Mandate ("RA Request"). Id. ¶72-73. Plaintiff further alleges that he is Catholic, and that his RA Request indicated that he opposed the Vaccine Mandate because [the vaccine] was "produced

---

[1] For the purposes of this motion only, the well-pleaded allegations of fact in the Complaint are deemed to be true. See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

using human cell lines derived from direct abortions," and because, "according to the Catechism of the Catholic church "man is obligated to follow faithfully what he knows to be just and right." Id. ¶79-80.  The Complaint alleges that "conscience is a representation of [Plaintiff's] direct connection with Christ," and that "[i]n turn, [Plaintiff's] conscience guides him between good and evil.  Right and Wrong.  Just and unjust."  Id. ¶81.

Plaintiff alleges that on November 2, 2021, an attorney with DSNY's "Office of Equity, Diversity & Inclusion" contacted him seeking "supplemental information" about "his objection to the use of fetal cells," and that he responded on November 4, 2021, by "reiterat[ing] objections made in his original application," emphasizing "that forced inoculation was contrary to his conscience," and that "[h]e believed that the Mandate was unethical and unjust."  Id. ¶¶83-84, 88.  The Complaint alleges Plaintiff's RA Request was denied by the DSNY on November 18, 2021, and that he was terminated from his employment on or about April 25, 2022, "for not complying with the [Vaccine] Mandate."  Id. ¶¶89, 113, 248.

**D.     Plaintiff's Allegations in his EEOC Charge**

On January 22, 2023, Plaintiff filed a complaint with the EEOC ("EEOC Charge") alleging employment discrimination by DSNY on the basis of Plaintiff's religion.  See U.S. Equal Employment Opportunity Commission Charge of Discrimination filed by Rocco C. Famiglietti (Jan. 22, 2023) annexed to the Declaration of Kathleen M. Linnane ("Linnane Decl.") as Exhibit 1.[2]  In his EEOC Charge, Plaintiff stated facts similar to those asserted in the Complaint.  However, in his EEOC Charge, Plaintiff also alleged, *inter alia*, that (1) he filed an appeal to the DSNY's denial of his RA Request, (2) on January 19, 2022, he was "sent home from work and placed on

---

[2] The EEOC Charge may be incorporated by reference.  See L-7 Designs Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

[Leave Without Pay ("LWOP")] status", (3) on January 26, 2022, he "returned to work with doctor's note & granted a medical extension until [April 3, 2022]," (4) on April 4, 2022, he was "sent home and placed on LWOP on [April 18, 2022]," and (5) he was terminated effective April 25, 2022.

Plaintiff thereafter commenced this proceeding alleging, among other things, that DSNY, the City of New York, Eric Adams, and David Chokski (hereinafter, "Defendants") violated the Equal Protection Clause of Fourteenth Amendment of the United States Constitution and Article I § IX of the New York State Constitution because Defendants selectively enforced the Vaccine Mandate against him and terminated his employment because he failed to meet a lawful condition of his employment, and that DSNY and the City of New York (1) failed to reasonably accommodate Plaintiff's religious belief by disciplining him for his failure to comply with the conflicting employment requirement in violation of Title VII of the Civil Rights Act; and, (2) discriminated against Plaintiff on the basis of his religion also in violation of Title VII. For the reasons set forth below, all of Plaintiff's claims are without merit and should be dismissed.

## ARGUMENT

### POINT I

### DSNY IS NOT A SUABLE ENTITY

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. Section 396 "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." See Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008); accord Phillip v. Dep't of Sanitation, No.

16 Civ. 2412, 2019 U.S. Dist. LEXIS 32590, at *11 (E.D.N.Y. Feb 28, 2019) (dismissing claims against DSNY).  Accordingly, all claims against DSNY must be dismissed.

## POINT II

### PLAINTIFF FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION

The Complaint fails and must be dismissed because Plaintiff did not exhaust his administrative remedies in a timely manner prior to seeking court intervention.  "Title VII requires an aggrieved party to exhaust administrative remedies before filing suit in federal court."  See Ferguson v. Park Slope Food Co-Op, No. 21-CV-347 (WFK) (TAM), 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. Mar. 10, 2023) (citation omitted).  To exhaust administrative remedies in New York, a plaintiff must file a charge of discrimination with the EEOC or the relevant state or local fair employment practices agency within 300 days of the alleged discriminatory acts.  See 42 U.S.C. § 2000e-5(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012).  A plaintiff cannot file suit until the EEOC or relevant local or state agency issues a notice of right to sue.  See Sirisena v. City of Univ. of N.Y., 17-cv-7135 (DLI) (RML), 2019 U.S. Dist. LEXIS 58384, at *10 (Mar. 31, 2019) (citations omitted).  A plaintiff has ninety days from receipt of a notice of right to sue to file a lawsuit related to that charge.  See Guichardo v. Dollar Tree, 16-CV-1221 (MKB), 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. July 1, 2016) (collecting cases).

The Complaint alleges that Plaintiff "received a right to sue letter from the Equal Opportunity Employment [sic] Commission on February 6, 2023."  See Compl. ¶8.  However, with respect to Plaintiff's claims of religious discrimination, by Plaintiff's own admissions, Plaintiff's EEOC Charge dated January 22, 2023 was not timely filed.  Plaintiff's EEOC Charge alleges:

6

On 10/27/21, sent a request for religious exemption from newly acquired Cv19 vaccination with the NYC Sanitation.  11/02/21, received email from DSNY requesting further info regarding my request for RE.  Emailed additional info on 11/04/21.  11/18/21, received a denial letter without reasoning for denial. 12/09/21, filed an appeal & continued working. 01/19/22, sent home from work & placed on LWOP status. 02/26/22, returned to work with doctor's note & granted a medical extension until 04/03/22.  04/04/22, sent home & placed on LWOP. […]  04/26/22, received a letter of termination effectively immediately as of 04/25/22.

See Linnane Decl., Exh. 1 at 5.

Plaintiff's EEOC Charge makes clear that his RA Request for a religious accommodation to the Vaccine Mandate was denied, and that **on January 19, 2022**, he was placed on LWOP (leave without pay) as a result of that denial.  Critically, it is the denial of **that** religious RA Request that Plaintiff puts at issue here, and as a condition precedent to seeking relief in a federal court for the violations alleged in the Complaint, Plaintiff was required to file an EEOC charge within 300 days **after the alleged occurrence of the allegedly unlawful employment practice**, *i.e.*, within 300 days of the denial or his religious RA Request**, or no later than November 15, 2022**[3].  See Robles, 841 F. Supp. 2d at 625.  However, Plaintiff failed to do so, waiting until January 22, 2023 to file his EEOC Charge, nearly two months past the deadline required by law.

Indeed, Courts that have encountered this question have consistently held that where a plaintiff must file an administrative charge within a relevant period of limitations, each alleged "discriminatory act starts a new clock for filing charges alleging that act" and that the act

---

[3] Plaintiff does not allege the date of the final determination of his religious RA Request by the Citywide Panel.  For that reason and for the purposes of this motion, Defendants have based their determination herein that the statute of limitations for Plaintiff to file his EEOC charge with respect to his religious RA Request expired 300 days after his placement on LWOP, because his placement on LWOP on January 19, 2022 occurred subsequent to the denial of his religious RA Request.

7

'occurred' on the day that it 'happened.'"  See McGuirk v. Swiss Re Fin. Servs., Corp., 2016 U.S. Dist. LEXIS 81338, *27-28 (S.D.N.Y. Jun. 17, 2016) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115, 153 L. Ed. 2d 106 (Jan. 9, 2002)).  The rejection of a reasonable accommodation request is "the sort of 'discrete act' that must be the subject of a complaint to the EEOC within 300 days."  See Solomon v. Cnty. of Nassau, 2021 U.S. Dist. LEXIS 230153, at *19 (E.D.N.Y. Dec. 1, 2021).  The statute of limitations for filing an EEOC [charge] is extended to all claims of discriminatory acts committed under an ongoing policy of discrimination if a plaintiff demonstrates that a continuing violation exists, even if those acts, standing alone, would have been barred by the statute of limitations."  Id. (quoting Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998)).  However, an employee who continues working after the denial of his reasonable accommodation may not claim a continuing violation.  See O'Leary v. Town of Huntington, 2012 U.S. Dist. LEXIS 126086, at *21-22 (E.D.N.Y. Sep. 15, 2012).

New York State Courts have similarly held that the statute of limitations to challenge the determination of a reasonable accommodation request[4] begins to run **on the date that a party is notified of the determination of the accommodation request**.  The New York Court of Appeals has explained that:

> An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. "First, the

---

[4] With respect to reasonable accommodation requests for exemptions to the COVID-19 Vaccine Mandate, New York State Supreme Courts have regularly held in Art. 78 proceedings that the "statute of limitations [...] *begins to run on the date that the denial is communicated to the employee.*"  See Bath et al. v. FDNY et al., 2023 N.Y. Misc. LEXIS 2744, at *4 (Sup. Ct. N.Y. Cnty, Jun. 2, 2023) (emphasis added); see also, e.g., Davila v. City of New York et al., Index No. 156349/2022 (Sup. Ct. Rich. Cnty, Aug. 31, 2023); Phaire v. Mayor of New York City, et al., Index No. 863/2022 (Sup. Ct. Kings Cnty., Aug. 9, 2023); Jaloza v. New York City Dep't of Educ. et al., Index. No. 706616/2023 (Sup. Ct. Queens Cnty. Jul. 24, 2023); Johnson v. City of New York et al., 2023 N.Y. Misc. LEXIS 2910 (Sup. Ct. N.Y. Cnty. Jun. 12, 2023); Mendez v. FDNY et al., 2023 N.Y. Misc. LEXIS 2352 (Sup. Ct. N.Y. Cnty., May 12, 2023); Demerest v. New York City Police Dep't et al., 2023 N.Y. Misc. LEXIS 328 (Sup. Ct. N.Y. Cnty. Jan. 24, 2023), Farca v. Bd. of Educ. of the City Sch. Dist. of N.Y., 2022 N.Y. Misc. LEXIS 9341 (Sup. Ct. N.Y. Cnty. Nov. 9, 2022).

> agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party.

See Walton v. N.Y. State Dep't of Corr. Servs., 8 N.Y.3d 186, 194 (2007) (ellipsis in original) (quoting Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomms., 5 N.Y.3d 30, 34 (2005)). Stated differently, an agency determination is "final and binding" "when the [party] is aggrieved by the determination. A [party] is aggrieved once the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted." Carter v. State, 95 N.Y.2d 267, 270 (N.Y. 2000) (internal citations omitted). The "'final and binding determination' from which the […] limitations period is measured . . . is the point when the challenged action has its impact." See Mundy v. Nassau County Civil Serv. Commn., 44 N.Y.2d 352, 357-58 (1978).

Here, Plaintiff was placed on LWOP on January 19, 2022 following the denial of his religious RA Request.[5]  Plaintiff filed his EEOC Charge, asserting religious discrimination, **368 days later**.  That Plaintiff's April 25, 2022 termination (the inevitable conclusion of his failure to comply with the vaccine mandate) occurred within the 300-day window is immaterial – Plaintiff cannot "use a termination that [falls] within the limitations period to pull in [a] time-barred discriminatory act."  See Stuevecke v. New York Hosp. Med. Ctr. of Queens, 2003 U.S. Dist. LEXIS 14793 at *9-10 (E.D.N.Y. Aug 26, 2003) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 at 113).  Because Plaintiff failed to file an EEOC Charge within 300 days of the

---

[5] Plaintiff alleges in his EEOC Charge that he returned to work with a medical exemption, and that he was terminated after that medical exemption expired, facts that Plaintiff conveniently fails to include in the Complaint.  See Compl., *generally*.

determination of his RA Request, he failed to exhaust his administrative remedies, and the Complaint must be accordingly dismissed.

### POINT III

**PLAINTIFF'S CLAIMS THAT DEFENDANTS VIOLATED THE EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION AND NEW YORK STATE CONSTITUTION FAIL AND MUST BE DISMISSED**

A.      **Standard of Law**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted).  Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. " See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Here, amidst its 275 paragraphs of fantastical, irrelevant claims, the Complaint asserts no factual allegations to demonstrate that Defendants violated the Equal Protection Clauses of the United States or New York State Constitutions.  As such, Plaintiff's claims must be dismissed.

B.      **Plaintiff Fails to Demonstrate That Defendants Violated the Equal Protection Clause of the United States Constitution**

Plaintiff's claims pursuant to 42 U.S.C. § 1983 fail because Plaintiff does not plausibly plead that Defendants violated the Equal Protection Clause of the Fourteenth

10

Amendment to the United States Constitution.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by persons acting under color of state law."  See Burns v. City of Utica, 590 Fed. Appx. 44, 50 (2d Cir. 2014) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### Plaintiff's "Class of One" Claim Fails Because Plaintiff Cannot Bring a "Class of One" Claim in the Context of Public Employment

To establish an employment discrimination claim under § 1983, a plaintiff must plead facts to demonstrate that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and, (4) the action occurred under circumstances giving rise to an inference of discriminatory conduct.  See Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003) (citations omitted).

Plaintiff fails to establish that he is a member of a protected class.  Instead, Plaintiff's claims are grounded in a "class of one" theory under the Equal Protection Clause of the Fourteenth Amendment.  However, it is well-established law that "class of one" claims are not available in the context of public employment.  See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 605 (2008); see also Sullivan v. City of Long Beach, No. CV 22-1163 (DG)(AYS), 2023 U.S. Dist. LEXIS 26004 (E.D.N.Y. Feb. 15, 2023) (dismissing a "class of one" discrimination claim where the case arose in the context of public employment.).  Because Plaintiff cannot assert an Equal Protection claim under a "class of one" theory, this claim fails and must be accordingly dismissed.

### Plaintiff's Selective Enforcement Claim Fails Because Plaintiff Fails to Demonstrate that He Was Treated Differently than Any Other Similarly Situated Individual

To succeed on a selective enforcement claim pursuant to § 1983, a plaintiff must plead facts that establish (1) the plaintiff was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race,

religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Williams v. City of N.Y., No. 14-CV-2191 (ARR), 2016 U.S. Dist. LEXIS 191214, at *19 (E.D.N.Y. Mar. 23, 2016) (citations omitted).  As a threshold matter, a plaintiff asserting selective enforcement claims must provide a comparator to whom they are similarly situated.  See Hu v. City of New York, 2022 U.S. Dist. LEXIS 10682, at *17 (E.D.N.Y. Jan. 20, 2022) (quoting Casciani v. Nesbitt, 659 F. Supp. 2d 427, 449 (W.D.N.Y. 2009) ("[T]he Second Circuit has stated that 'a showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' . . . to a selective enforcement claim.") (citations omitted).  Plaintiff fails to do so here, and his selective enforcement claim must, therefore, be dismissed.

First, Plaintiff fails to demonstrate that he was treated differently by Defendants than any other similarly-situated individual.  Instead, Plaintiff alleges that he "is similarly situated in all material respects to every other human being because the Virus infects all human beings without distinction," that "[a]s far as the Virus, all Americans are similarly situated since the Virus spread throughout the entire country," and "[t]hus, Plaintiff is similarly situated to all other human being as a class of the same species since the Virus infects all humans."  See Compl. ¶¶133-134, 136.  Plaintiff further alleges that, "[t]he Virus can infect any human being.  All people are human beings.  Therefore all people can be infected with the Virus," and, "[s]o, too, is Plaintiff, being similarly situated with all human beings living, gathering, and working in the City."  Id. ¶¶138-139.  Plaintiff's farcical argument that he is similarly situated to all human beings should not be countenanced by this Court.  Despite Plaintiff's numerous allegations that he is similarly situated to every other human being, and to all human beings living, gathering, and working in the City,

Plaintiff has failed to identify even **one** other human being, out of the approximately eight billion[6] human beings on Earth, or even one out of the approximately eight million human beings living in New York City[7] from whom he might have chosen, to whom he is similarly situated and who allegedly received more favorable treatment than Plaintiff.

   Nonetheless, insofar as Plaintiff appears to bring a selective enforcement claim, the Complaint fails.  Any equal protection claim is grounded on a comparison between the treatment the **state** gives similarly situated individuals.  See Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (emphasis added).  Simply put, Plaintiff fails to identify a single comparator here, or plead a single fact, to show that he was treated differently by Defendants than any other similarly situated individual whose employment was not terminated by DSNY.  See Picinich v. N.Y.C. Dep't of Educ., No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959 at *11 (E.D.N.Y. July 11, 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim.").  Here, Plaintiff only alleges that he is similarly situated to all other human beings because the COVID-19 virus treats all human beings the same, but fails to allege one other human being who was treated differently by Defendants.  Therefore, Plaintiff's selective enforcement claims fail.

---

[6] See United Nations, *Global Issues, Population* at https://www.un.org/en/global-issues/population (last accessed September 2, 2023).

[7] See NYC Department of Planning, *Population*, at https://www.nyc.gov/site/planning/planning-level/nyc-population/nyc-population.page (last accessed September 2, 2023).

**C.** **Plaintiff Does Not Have a Private Right of Action Under the New York State Constitution**

It is well-settled law that no private right of action exists for alleged violations of the New York State Constitution where a plaintiff has an alternative remedy under § 1983 for alleged violations of parallel provisions of the United States Constitution.  See Josie v. City of New York, 2023 U.S. Dist. LEXIS 95687, at *53-54 (E.D.N.Y. Jun. 1, 2023) (citing Buari v. City of New York, 530 F. Supp. 3d 356, 408-409 (S.D.N.Y. 2021)); see also Alwan v. City of New York, 311 F. Supp. 3d 570, 585-86 (E.D.N.Y. 2018) (collecting cases).  Thus, "where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed."  Talarico v. Port Auth. of N.Y. & N.J., 367 F. Supp. 3d 161, 171-72 (S.D.N.Y. 2019) (collecting cases).  The same reasoning applies here.  Because Plaintiff only asserts identical claims under the New Yoks State Constitution that he asserts pursuant to § 1983, his claims brought under the New York State Constitution must be dismissed.

### POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII

Plaintiff's Title VII religious discrimination claim also fails and must be dismissed.  To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege facts (1) that his employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.  See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  The facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by

discriminatory intent.  Cooper v. Franklin Templeton Invs., 2023 U.S. App. LEXIS 14244, at *5 (2d Cir. 2023).

As an initial matter, the Complaint acknowledges that Plaintiff was terminated for "not complying with the [COVID-19 Vaccine] Mandate."  See Compl. ¶¶113, 248.  Defendants agree.  Indeed, the COVID-19 Vaccine Mandate has consistently been upheld as a lawful condition of employment for City employees.  On this point, every Court that has encountered this question – including this one – has unequivocally held that the Vaccine Mandate is lawful condition of employment for City employees.  See Garland, 2021 U.S. Dist. LEXIS 233142, at **14; see also Broecker, 2022 U.S. Dist. LEXIS 25104, at *22; Maniscalco Art. 78 Decision at p. 9; Marciano, 2022 U.S. Dist. LEXIS 41151, at *25-26 (same); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Ass'n v. de Blasio, Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty).  When an employee fails to satisfy a condition of his employment, he is no longer qualified to serve as a public employee.  See We The Patriots USA, Inc. v. Hochul, Nos. 21-2179, 2102566, 17 F.4th 266, 2021 U.S. App. LEXIS 32880, 2021 WL 5121983, at *18 (2d Cir. 2021).  Here, Plaintiff failed to satisfy a condition of his employment, was no longer qualified for employment with DSNY, and his employment was, therefore, terminated.

At the same time, however, Plaintiff alleges that Defendants City of New York and DSNY discriminated against [him] based on his religious views against abortion."  See Compl. ¶¶274.  The Complaint cryptically alleges that "Eric Adams holds very anti-abortion views," and that the Vaccine Mandate, "created by Eric Adams[8] discriminated against Plaintiff's pro-life, religious-based views."  Id. ¶¶265, 269.

---

[8] Plaintiff falsely alleges that Eric Adams created the Vaccine Mandate. As discussed *supra*, the New York City Department of Health and Mental Hygiene issued the Vaccine Mandate.

15

With respect to any alleged discriminatory treatment by DSNY or the City, the Complaint does not set forth a single fact to even hint, much less plausibly suggest, that Plaintiff's purported religion was a motivating factor in DSNY's decision to terminate his employment.  See Vega, 801 F.3d at 87.  Indeed, Plaintiff alleges only that in reviewing his RA Request, "Julie Cascino on behalf of the DSNY lasered in on Plaintiff's reference to aborted fetal cells," that "[s]he attempt[ed] to dispel the truth of Plaintiff's belief by stating: '[t]he available mRNA vaccines (Moderna and Pfizer) do not require the use of any fetal cell lines in their production," and that DSNY and the City "ignored Plaintiff's objection that the Vaccine was derived from aborted fetal cells, […] [a]nd that is something that is contrary to Plaintiff's sincerely held religious beliefs." Id. ¶¶256-258.  The Complaint does not allege that Plaintiff was criticized in "religiously degrading terms," or that "invidious comments" were made about him or others who held the same religious belief, or that there was different or more favorable treatment of others who did not hold his religious beliefs. See D'Cunha v. Northwell Health Sys., 2023 U.S. Dist. LEXIS 33343, at *6 (S.D.N.Y. Feb. 28, 2023) (quoting Littlejohn, 795 F.3d at 312).  Critically, the Complaint fails to set forth one single fact about either Plaintiff's placement on LWOP or termination, and beyond his broad, conclusory allegations of religious discrimination, is absent facts that suggest his placement on LWOP or termination were motivated by religious discrimination.  See Compl., *generally*.  For these reasons, Plaintiff's Title VII claim of religious discrimination must be dismissed.

## POINT V

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII

A plaintiff asserting a Title VII claim for failure to accommodate a religious belief must allege that (1) he held a bona fide religious belief conflicting with an employment

requirement; (2) he informed his employer of this belief; and, (3) he was disciplined for failure to comply with the conflicting employment requirement."  See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006).  Because Plaintiff fails to meet these requirement, his failure to accommodate claims must be dismissed.

A.     **Plaintiff's Placement on LWOP and Termination for His Failure to Meet a Condition of Employment Is Not Discipline**

As an initial matter, in Garland, this Court has conclusively ruled that in cases where an employee fails to meet a condition of his employment, placement on LWOP and termination does not constitute "discipline."  Garland, 2021 U.S. Dist. LEXIS 233142 at *25.  The termination of a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and therefore does not implicate applicable disciplinary procedures.  See Id. at 14; see also Broecker, 2022 U.S. Dist. LEXIS 25104, at *22; Marciano v. De Blasio, 2022 U.S. Dist. LEXIS 41151, at *25-26 (S.D.N.Y. Mar. 8, 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Slip. Op. 30173(U), ¶ 2 (where the court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (N.Y. Ct. App. Feb. 21, 2023) (where the First Department, in affirming the lower court's determination in the Maniscalco Art. 78 Decision, held that "placement on leave without for failure to prove vaccination, a condition of employment […] does not constitute discipline.").

This recent precedent is in line with case law holding that "under New York law, the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth" in the applicable disciplinary statute.  See Garland, 2021 U.S. Dist. LEXIS 233142 at *11-12 (citing cases).  Thus, employment actions taken by the City, up to and including termination, with respect to City employees who failed to comply with the Vaccine Mandate is not disciplinary action.

B.    **Plaintiff Fails to Establish that He Has a Bona Fide Religious Belief That Conflicts With a Condition of Employment**

Plaintiff's failure to accommodate claim further fails because the Complaint does not plausibly allege that Plaintiff has a religious belief that conflicts with the Vaccine Mandate. The EEOC makes clear that "objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or on nonreligious concerns, do not qualify as 'religious beliefs' under Title VII."[9]  Here, no factual allegations are contained in the Complaint that Plaintiff's purported belief is anything more than a political belief and a personal preference.

The complaint alleges that Plaintiff is a Catholic, that he opposed the Vaccine Mandate because [the vaccine] was "produced using human cell lines derived from direct abortions," and because, "according to the Catechism of the Catholic church "man is obligated to follow faithfully what he knows to be just and right." Id. ¶79-80.  The Complaint alleges that "conscience is a representation of [Plaintiff's] direct connection with Christ," and that "[i]n turn,

---

[9] See https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=#L___(last accessed September 2, 2023).

[Plaintiff's] conscience guides him between good and evil.  Right and Wrong.  Just and unjust," and that "[g]etting the shot conflicted with [Plaintiff's] conscience.  If he were to disobey his conscience, then he would be disobeying Jesus Christ." Id. ¶¶81-82.  Further, the Complaint alleges that in a dialogue with DSNY about his RA Request, "he reiterated objections made in his original application," that he "emphasized that forced inoculation was contrary to his conscience," and that "[h]e believed that the Mandate was unethical and unjust."  Id. ¶88.

Critically, however, is that by Plaintiff's own admission, his opposition to the Vaccine Mandate consists of personal concerns (i.e., "forced inoculation," and, "the Mandate was unethical and unjust"), which do not qualify as a religious belief under Title VII.  See supra note 9; see also Pierre v. Fire Dept. of the City of N.Y., (Art. 78), 2023 N.Y. Misc. LEXIS 1272 (Sup. Ct. N.Y. Cnty. Mar. 23, 2023), *6-7 (Art. 78 petition denied where the petitioner objected to a vaccine "that has used stem cells from fetuses […] without any connection to a sincerely held religious belief" because the "request was based on [the petitioner's] personal preferences."); Bath v. Fire Dept. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2744.  The Complaint fails to articulate how Plaintiff's opinions about abortion and the use of fetal cells that he purportedly explained to DSNY are a bona fide religious belief.

Finally, the Complaint fails to demonstrate that Plaintiff's alleged belief conflicts with the Vaccine Mandate.  Instead, the Complaint alleges that the Vaccine Mandate conflicts with Plaintiff's conscience.  This may be so.  However, because Plaintiff failed to allege that the Vaccine Mandate conflicts with his bona fide religious belief, he has failed to establish that Defendants DSNY or the City violated Title VII by reason of failure to accommodate.

19

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion to dismiss the Complaint in its entirety be granted, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              September 8, 2023

> **HON. SYLVIA O. HINDS-RADIX**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants
> 100 Church Street, Room 2-125
> New York, New York 10007
> 212-356-2467
>
>
> By:    /s/ *Kathleen M. Linnane*
>        Kathleen M. Linnane
>        Assistant Corporation Counsel
>        klinnane@law.nyc.gov

20