No. 23 Civ 2754 (LDH)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROCCO FAMIGLIETTI,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF SANITATION, CITY OF NEW YORK, ERIC ADAMS, DAVID CHOKSHI,

Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-125*
*New York, N.Y.  10007*

*Of Counsel:  Kathleen M. Linnane*
*Tel: (212) 356-2467*
*Matter No. 2023-031411*

## **TABLE OF CONTENTS**

                                            **Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION ....................................................... 3

    POINT II

        PLAINTIFF'S EQUAL PROTECTION CLAIMS MUST BE DISMISSED ............................................................... 5

    POINT III

        PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII ................................................................................................. 7

    POINT IV

        PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII ................................................................... 8

    POINT V

        PLAINTIFF HAS ABANDONED HIS CLASS OF ONE CLAIM AND HIS CLAIM BROUGHT PURSUANT TO THE NEW YORK STATE CONSTITUTION ................................................................. 9

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Pages**

Bidot v. City of Suffolk,
   2020 U.S. Dist. LEXIS 152358 (E.D.N.Y. 2020)..................................................................3

Brandon v. City of New York,
   705 F. Supp. 2d 261 (S.D.N.Y. 2010)...............................................................................10

Casciani v. Nesbitt,
   659 F. Supp. 2d 427 (W.D.N.Y. 2009) ..............................................................................6

Cooper v. Franklin Templeton Invs.,
   2023 U.S. App. LEXIS 14244 (2d Cir. 2023) ...................................................................7

D'Cunha v. Northwell Health Sys.,
   2023 U.S. Dist. LEXIS 33343 (S.D.N.Y. Feb. 28, 2023) ..................................................8

Hu v. City of New York,
   2022 U.S. Dist. LEXIS 10682 (E.D.N.Y. Jan. 20, 2022) ..................................................6

Jordan v. Forfeiture Support Assocs.,
   928 F. Supp.2d 588 (E.D.N.Y. 2013) ................................................................................3

McGuirk v. Swiss Re Fin. Servs., Corp.,
   2016 U.S. Dist. LEXIS 81338 (S.D.N.Y. Jun. 17, 2016) ..................................................5

Myers v. Brookdale Univ. Hosp. Med. Ctr.,
   2009 U.S. Dist. LEXIS 150386 (E.D.N.Y. 2009)..............................................................3

Nat'l Fed'n of Indep. Bus. v. DOL, OSHA,
   142 S. Ct. 661 (2022)..........................................................................................................6

Nat'l R.R. Passenger Corp. v. Morgan,
   536 U.S. 101, 153 L. Ed. 2d 106 (Jan. 9, 2002).................................................................5

Okin v. Vill. of Cornwall-on-Hudson Police Dep't,
   577 F.3d 415 (2d Cir. 2009)...............................................................................................6

Picinich v. N.Y.C. Dep't of Educ.,
   No. 16 CV 844 (CBA)(LB),
   2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018)................................................6

Robles v. Cox & Co.,
   841 F. Supp. 2d 615 (E.D.N.Y. 2012) ...............................................................................4

**Cases**         **Pages**

Sherman v. City of New York,
   No. 18 Civ. 6907,
   2020 U.S. Dist. LEXIS 219350 (E.D.N.Y. Nov. 23, 2020)..........................................................9

Solomon v. Cnty. of Nassau,
   2021 U.S. Dist. LEXIS 230153 (E.D.N.Y. Dec. 1, 2021) ..........................................................5

Stuevecke v. New York Hosp. Med. Ctr. of Queens,
   2003 U.S. Dist. LEXIS 14793 (E.D.N.Y. Aug 26, 2003)...........................................................5

Torcaso v. Watkins,
   367 U.S. 488 ..............................................................................................................................8

Vega v. Hempstead Union Free Sch. Dist.,
   801 F.3d 72 (2d Cir. 2015).........................................................................................................7

**Statutes**

42 U.S.C. § 2000e-5(e)1 ...................................................................................................................4

**Other Authorities**

New York State Constitution Article I § XI .....................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff commenced this action alleging that he was discriminated against based on his religion when he was denied an exemption to the City's employee COVID-19 vaccine mandate (the "Vaccine Mandate"). Plaintiff further alleged failure to accommodate pursuant to Title VII of the Civil Rights Act, and that Defendants violated his rights to equal protection under the Fourteenth Amendment of the United States Constitution and Article I § XI of the New York State Constitution. Defendants moved to dismiss the complaint on the grounds that: (1) Plaintiff failed to file a timely charge of discrimination with the EEOC; (2) Plaintiff's class of one claim is barred by Supreme Court precedent; (3) Plaintiff fails to assert a plausible failure to accommodate claim, or that his religion played any role in the decision to terminate his employment; and, (4) there is no private right of action under the New York constitution. In opposition to Defendants' motion,[1] Plaintiff doubles down on the quasi-science, conspiracy theories, and policy disagreements that permeate the Complaint, complaining that: his "natural immunity" should have been sufficient reason to exempt him from the Vaccine Mandate; the COVID-19 vaccines don't prevent transmission (and that he therefore should not have had to receive one); Mayor Adams engaged in "discriminatory conduct" by exempting athletes and performers (who are not City employees), from the requirement to receive a COVID-19 vaccine.

Plaintiff's Opposition goes on to argue that Defendants' "view that Plaintiff can only be compared to other employees is illogical, rigid, and untenable," and continues to assert his failed claims of workplace discrimination by absurdly relying on the argument that the COVID-19 virus can infect any human being and that he is therefore similarly situated to the 8.4 million

---

[1] All references to "Plaintiff's Opposition" or "Opposition" are to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated September 22, 2023.

humans in New York City. What Plaintiff clearly fails to grasp is that in the context of employment discrimination, an employee must demonstrate that he is similarly situated to other employees in all material respects. Plaintiff's circular argument and hypotheticals do not change the pleading standard under the law.

Plaintiff's Opposition next petulantly argues that Plaintiff's EEOC Charge was not attached to his complaint, and in a bizarre attempt to cast doubt on the document that Plaintiff, himself, submitted to the EEOC, contends that the EEOC Charge is not a written instrument and argues that the Court should give no weight to the Plaintiff's EEOC Charge, despite the fact that the filing an EEOC charge is a jurisdictional prerequisite to bringing suit in this Court.

Finally, in what Defendants can only assume is a repeated careless oversight, the Opposition argues that Plaintiff's reliance on his "conscious" is a bona fide religious belief, and that "within Plaintiff's own scheme of things, Plaintiff's religious beliefs are religious." Such an assertion is insufficient to survive a motion to dismiss.

As held by courts throughout New York at both the Federal and local levels, the Vaccine Mandate created a lawful condition on employment for employees of the City of New York, including Plaintiff, such that a non-compliant employee could be terminated based on the failure to satisfy that condition of employment. Plaintiff failed to satisfy that condition of employment and was, as a result, terminated from his position of employment with the City. Plaintiff's allegations about Defendants' conduct littered throughout both the Complaint and in Plaintiff's Opposition do not overcome the simple fact that Plaintiff failed to plausibly plead that Defendants acted unlawfully in any way.

# ARGUMENT

## POINT I

### PLAINTIFF FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO SEEKING COURT INTERVENTION

As an initial matter, Plaintiff's Opposition incredibly argues that the "Court should neither consider Plaintiffs [sic] documents submitted to the EEOC, nor give them any weight," and that the "the EEOC proceedings […] are not incorporated by reference not attached as an exhibit(s)," nor are they "written instruments within the meaning of Lynch." See Plaintiff's Opposition at 16. Notwithstanding the fact that the filing of an EEOC Charge is a condition precedent to seeking relief in this forum, and that abiding by such a request would render this entire proceeding futile, the Opposition's argument has no merit. Although Plaintiff did not attach his EEOC Charge to the Complaint, the charge has been incorporated into the Complaint by reference and the Court may properly consider it in deciding the motion to dismiss. See Myers v. Brookdale Univ. Hosp. Med. Ctr., 2009 U.S. Dist. LEXIS 150386, at *7 n.1 (E.D.N.Y. 2009) (in determining a motion seeking to dismiss Title VII discrimination and retaliation claims, the Court found that it could properly consider an EEOC charge as it was incorporated by reference into the complaint); see also Bidot v. City of Suffolk, 2020 U.S. Dist. LEXIS 152358, at *11 (E.D.N.Y. 2020) ("Because plaintiff's EEOC charge if a 'public document filed in an administrative proceeding, and is integral to plaintiff's [discrimination] claims, the charge, together with the documents accompanying the charge filed in the EEOC proceeding, are also properly considered on a motion to dismiss.'") (citing Jordan v. Forfeiture Support Assocs., 928 F. Supp.2d 588, 591 (E.D.N.Y. 2013)). It was entirely proper to Defendants to append Plaintiff's EEOC Charge to their moving papers, and for the Court to consider them here.

3

Plaintiff's Opposition next argues that the date of Plaintiff's termination from DSNY on April 25, 2022 controls with respect to the statute of limitations for filing a charge with the EEOC. See Plaintiff's Opposition at 17.[2]  The Opposition also argues that "[a]lternatively, [the statute of limitations] began to run when the denial of [Plaintiff's] appeal was communicated to him." See Plaintiff's Opposition at 18.

As set forth in Defendants' moving papers, a plaintiff must file a charge of discrimination with the EEOC or the relevant state or local fair employment practices agency within 300 days of the *alleged discriminatory acts*.  See 42 U.S.C. § 2000e-5(e)1; see also Robles v. Cox & Co., 841 F. Supp. 2d 615, 625 (E.D.N.Y. 2012).  Plaintiff's EEOC Charge clearly alleges that his request for a religious accommodation to the Vaccine Mandate was denied, and that on January 19, 2022, Plaintiff was placed on leave without pay ("LWOP") as a result.  As a condition precedent to seeking relief in a federal court for the violations alleged in the Complaint, Plaintiff was required to file an EEOC charge within 300 days after the alleged occurrence of the allegedly unlawful employment practice, *i.e.*, within 300 days of the denial of his religious RA Request, or no later than November 15, 2022.[3]  See Robles, 841 F. Supp. 2d at 625.  Yet Plaintiff failed to do so, and instead filed his EEOC Charge on January 22, 2023.

Plaintiff's April 25, 2022 termination date is immaterial here.  As further set forth in Defendants' moving papers, the rejection of a reasonable accommodation request such as the one being challenged by Plaintiff herein is a "'discrete act' that must be the subject of a complaint

---

[2] Plaintiff's Opposition did not include page numbers.  For clarity, counsel for Defendants added page numbers, by hand, to Plaintiff's Opposition and scanned the document prior to and for submission to the Court.

[3] As set forth in Defendants' moving papers, Plaintiff's placement on LWOP occurred **subsequent to** the denial of his religious RA Request.  Plaintiff did not allege the date of the denial of his RA Request, nor did he include that date in his EEOC Charge.  Therefore, for the instant matter, Defendants used January 19, 2022 as the date from which the 300-day statute of limitations began to run.

4

to the EEOC within 300 days," and the act 'occurred' on the day that it 'happened.'" See Solomon v. Cnty. of Nassau, 2021 U.S. Dist. LEXIS 230153, at *19 (E.D.N.Y. Dec. 1, 2021); McGuirk v. Swiss Re Fin. Servs., Corp., 2016 U.S. Dist. LEXIS 81338, *27-28 (S.D.N.Y. Jun. 17, 2016) (citations omitted). Plaintiff cannot "use a termination that [falls] within the limitations period to pull in [a] time-barred discriminatory act." See Stuevecke v. New York Hosp. Med. Ctr. of Queens, 2003 U.S. Dist. LEXIS 14793 at *9-10 (E.D.N.Y. Aug 26, 2003) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 153 L. Ed. 2d 106 (Jan. 9, 2002)).

Finally, while relying on bluster and meritless accusations, Plaintiff's Opposition not only fails to logically address Defendants' position, but also actually supports Defendants' arguments. Plaintiff's Opposition argues that the statute of limitations "began to run when the denial of [Plaintiff's] appeal was communicated to him." See Plaintiff's Opposition at 18. Defendants agree. As set forth in Defendants' moving papers, Plaintiff was placed on LWOP on January 19, 2022, **subsequent to** the denial of his religious RA Request. Plaintiff filed his EEOC Charge 368 days later. The simple fact is that Plaintiff is barred from seeking relief in this forum because he failed to file a charge with the EEOC within the requisite time, and because Plaintiff has thus failed to exhaust his administrative remedies prior to commencing this proceeding, the Complaint must be accordingly dismissed.

## POINT II

### PLAINTIFF'S EQUAL PROTECTION CLAIMS MUST BE DISMISSED

Similar to the Complaint, Plaintiff's Opposition, rife with fantastical, irrelevant claims, fails to demonstrate that Defendants violated the Equal Protection Clause of the United States Constitution. Despite the Opposition's assertions to the contrary, to succeed on a selective enforcement claim, a plaintiff must plead facts that demonstrate he is similarly situated to other

5

employees who allegedly received more favorable treatment than Plaintiff.  See Picinich v. N.Y.C. Dep't of Educ., No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959 at *11 (E.D.N.Y. July 11, 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim.").

As set forth in Defendants' moving papers, Plaintiff fails to demonstrate that he was treated differently by Defendants than any other similarly-situated individual.  In citing to Nat'l Fed'n of Indep. Bus. v. DOL, OSHA, 142 S. Ct. 661 (2022), the Opposition argues that COVID-19 "is no different from other dangers people face daily," and reverts, once again, to Plaintiff's well-worn claim that "the virus can infect any human being gathering in public, irrespective of vaccination status." See Plaintiff's Opposition at 7.  Plaintiff's argument again fails here.

A plaintiff alleging selective enforcement claims must provide a comparator to whom they are similarly situated.  See Hu v. City of New York, 2022 U.S. Dist. LEXIS 10682, at *17 (E.D.N.Y. Jan. 20, 2022) (quoting Casciani v. Nesbitt, 659 F. Supp. 2d 427, 449 (W.D.N.Y. 2009) ("[T]he Second Circuit has stated that 'a showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' . . . to a selective enforcement claim.") (citations omitted).  Any equal protection claim is grounded on a comparison between the treatment the state (not the COVID-19 virus) gives similarly situated individuals.  See Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (emphasis added).  Plaintiff fails to identify a single comparator in either his Complaint or Opposition to show that he was treated differently by Defendants than any other similarly situated individual whose employment

6

was not terminated by DSNY.  For that reason, Plaintiff's claim of selective enforcement fails and must be dismissed.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION UNDER TITLE VII

Similar to the rest of Plaintiff's Opposition, the arguments set forth in the Opposition opposing Defendants' motion to dismiss Plaintiff's claims of religious discrimination pursuant to Title VII are nonsensical and factually wrong.

As set forth by Defendants, to defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege facts (1) that his employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.  See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  The facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent.  Cooper v. Franklin Templeton Invs., 2023 U.S. App. LEXIS 14244, at *5 (2d Cir. 2023).

Plaintiff's Opposition instead claims that Defendants "have politicized COVID-19" and that "Defendants are comprised of politicians." See Plaintiff's Opposition at 14.  Plaintiff reiterates the same allegations set forth in his Complaint with respect to abortion and fetal cells, yet offers no legal basis or further support of the claim that Defendants singled him out for adverse treatment because of his religion. Id.; see also id. at 15.

With respect to any alleged discriminatory treatment by DSNY or the City, neither the Complaint nor the Opposition plausibly plead that Plaintiff's purported religion was a motivating factor in DSNY's decision to terminate his employment. See Vega, 801 F.3d at 87.  As set forth in Defendants' moving papers, Plaintiff does not allege that he was criticized in

7

"religiously degrading terms," or that "invidious comments" were made about him or others who held the same religious belief, or that there was different or more favorable treatment of others who did not hold his religious beliefs. See D'Cunha v. Northwell Health Sys., 2023 U.S. Dist. LEXIS 33343, at *6 (S.D.N.Y. Feb. 28, 2023) (quoting Littlejohn, 795 F.3d at 312). Critically, Plaintiff fails to set forth one single fact about either his placement on LWOP or termination, and beyond his broad, conclusory allegations of religious discrimination, is absent facts that suggest his placement on LWOP or termination were motivated by religious discrimination. For these reasons, Plaintiff's Title VII claim of religious discrimination must be dismissed.

## POINT IV

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII

Plaintiff's Opposition does not, in any meaningful way, oppose Defendants' arguments with respect to Plaintiff's claims of failure to accommodate. Rather, the Opposition again here reasserts the same claims made in his Complaint, and argues that Plaintiff's "reliance of his "conscious" is […] a bona fide religious belief." See Plaintiff's Opposition at 15 (emphasis added.).

Plaintiff's Opposition appears to dispute Defendants' position that the Complaint does not plausibly allege that Plaintiff has a religious belief that conflicts with the Vaccine Mandate. In misconstruing Torcaso v. Watkins, Plaintiff's Opposition asserts that "[t]he government may not compel affirmation of religious belief."[4] See Plaintiff's Opposition at 14.

---

[4] In Torcaso v. Watkins, where a notary public appointee challenged a state order that required persons who qualified for any state office to declare their belief in the existence of God, the appellant brought an action to compel issuance of his commission because the requirement violated the U.S. Constitution. The Court held that "Freedom of religion included the freedom not to believe. Neither the state nor federal government could force a person to profess belief or disbelief in any religion." See Torcaso v. Watkins, 367 U.S. 488, 489.

8

Further, while the Opposition alleges that Plaintiff's own "scheme of things" is religious, as set forth in Defendants' moving papers, the EEOC makes clear that "objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or on nonreligious concerns, do not qualify as 'religious beliefs' under Title VII."[5] Neither the Complaint nor the Opposition contain any facts to indicate that Plaintiff's purported belief is anything more than a political belief and a personal preference. Because Plaintiff fails to demonstrate that Plaintiff's alleged belief conflicts with the Vaccine Mandate, Plaintiff has failed to establish that Defendants DSNY or the City violated Title VII by reason of failure to accommodate.

## POINT V

**PLAINTIFF HAS ABANDONED HIS CLASS OF ONE CLAIM AND HIS CLAIM BROUGHT PURSUANT TO THE NEW YORK STATE CONSTITUTION**

In Defendants' moving papers, Defendants moved to dismiss Plaintiff's class of one" claim, as well as Plaintiff's claim that Defendants violated the equal protection clause of the New York State Constitution. Plaintiff's Opposition "concedes […] that the "class of one" cause of action is not actionable here." See id. at 19. With respect to Plaintiff's claim that Defendants violated the New York State Constitution, in failing to address Defendants' argument in any way, other than including a point heading in his Table of Contents with no actual argument[6], Plaintiff has abandoned that claim. See Sherman v. City of New York, No. 18 Civ. 6907, 2020 U.S. Dist. LEXIS 219350, *33-34 (E.D.N.Y. Nov. 23, 2020)(Hall, U.S.D.J.) ("Because Plaintiff's opposition

---

[5] See https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=#L___ (last accessed September 2, 2023).

[6] See Plaintiff's Opposition at i.

is devoid of any response to Defendant's arguments, however, the Court need not address Defendants' arguments on the merits as Plaintiff's NYCHRL claims are deemed abandoned."); see also Brandon v. City of New York, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010)(claims not addressed in response to defendant's motion to dismiss are deemed abandoned.)(citing cases).

## CONCLUSION

For the foregoing reasons, and for those set forth in Defendants' moving papers, Defendants respectfully request that their motion to dismiss the Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 6, 2023

                                       **HON. SYLVIA O. HINDS-RADIX**
                                       Corporation Counsel of the
                                         City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-125
                                       New York, New York 10007
                                       212-356-2467

By: /s/ *Kathleen M. Linnane*
      Kathleen M. Linnane
      Assistant Corporation Counsel
      klinnane@law.nyc.gov

Docket No. 23 Civ 2754 (LDH)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROCCO FAMIGLIETTI,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF SANITATION, CITY OF NEW YORK, ERIC ADAMS, DAVID CHOKSHI,

Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 2-125*
*New York, N.Y.  10007*

*Of Counsel:  Kathleen M. Linnane*
*Tel:  (212) 356-2467*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................. , 20......*

*............................................................................................, Esq.*

*Attorney for.....................................................................................*