UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ROCCO FAMIGLIETTI,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF SANITATION, CITY OF NEW YORK, ERIC ADAMS, DAVID CHOKSHI,

Defendants.

----------------------------------------------------------------------X

**ANSWER TO THE COMPLAINT**

No. 23 CV 2754(LDH)(VMS)

Defendants, the New York City Department of Sanitation ("DSNY")[1], City of New York ("City"), Eric Adams ("Adams"), and David Chokshi ("Chokshi") (collectively, "Defendants"), by and through their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for their Answer to the Complaint respectfully alleges as follows:

Deny the unnumbered allegations set forth in the "Preliminary Statement" on pages 1 and 2 of the Complaint.

1. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiff was employed by DSNY.

2. DENY the allegations set forth in Paragraph "2" of the Complaint, except admit that the City is a municipal corporation organized and existing under the laws of the State of New York.

---

[1] In its Memorandum and Order dated October 28, 2024, the Court dismissed defendant DSNY from this action. See ECF No. 19, note 1.

3. DENY the allegations set forth in Paragraph "3" of the Complaint, except admit that DSNY is a City agency.

4. DENY the allegations set forth in Paragraph "4" of the Complaint, except admit that Adams is the Mayor of the City of New York, and has offices located in New York, New York.

5. DENY the allegations set forth in Paragraph "5" of the Complaint, except admit that Chokshi was the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH).

6. DENY the allegations set forth in Paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

7. DENY the allegations set forth in Paragraph "7" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

8. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of the contents thereof.

9. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint, except admit that Plaintiff was employed by DSNY.

10. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint, except admit that Plaintiff was employed by DSNY.

13. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. DENY the allegations set forth in Paragraph "18" of the Complaint.

19. DENY the allegations set forth in Paragraph "19" of the Complaint.

20. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21. DENY the allegations set forth in Paragraph "21" of the Complaint.

22. DENY the allegations set forth in Paragraph "22" of the Complaint.

23. DENY the allegations set forth in Paragraph "23" of the Complaint.

24. DENY the allegations set forth in Paragraph "24" of the Complaint, and respectfully refer the Court to the "FAQ regarding New York City Employees and the

COVID-19 Vaccine," available at https://www.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf, for a complete and accurate statement of the contents thereof.

25. DENY the allegations set forth in Paragraph "25" of the Complaint.

26. DENY the allegations set forth in Paragraph "26" of the Complaint.

27. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

31. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint.

35. DENY the allegations set forth in Paragraph "35" of the Complaint.

36. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

37. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

38. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. DENY the allegations set forth in Paragraph "41" of the Complaint.

42. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

43. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

44. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

45. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47. DENY the allegations set forth in Paragraph "47" of the Complaint, and respectfully refer the Court to the "FAQ regarding New York City Employees and the COVID-19 Vaccine," available at https://www.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf, for a complete and accurate statement of the contents thereof.

48. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "48" of the Complaint.

49. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Complaint.

50. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "50" of the Complaint.

51. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

52. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "52" of the Complaint.

53. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Complaint.

54. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

55. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

56. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

57. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Complaint.

58. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint.

59. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

60. DENY the allegations set forth in Paragraph "60" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

61. DENY the allegations set forth in Paragraph "61" of the Complaint.

62. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of the Complaint.

63. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "63" of the Complaint.

64. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "64" of the Complaint.

65. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of the Complaint.

67. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "67" of the Complaint.

68. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "68" of the Complaint.

69. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "69" of the Complaint.

70. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "70" of the Complaint.

71. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "71" of the Complaint, except admit that Plaintiff was employed by DSNY and was terminated from his employment.

72. DENY the allegations set forth in Paragraph "72" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

73. DENY the allegations set forth in Paragraph "73" of the Complaint.

74. DENY the allegations set forth in Paragraph "74" of the Complaint.

75. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "75" of the Complaint.

76. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "76" of the Complaint, except admit that Plaintiff was employed by DSNY.

77. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “77” of the Complaint.

78. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “78” of the Complaint.

79. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “79” of the Complaint.

80. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “80” of the Complaint.

81. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “81” of the Complaint.

82. DENY the allegations set forth in Paragraph “82” of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

83. DENY the allegations set forth in Paragraph “83” of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

84. DENY the allegations set forth in Paragraph “84” of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

85. DENY the allegations set forth in Paragraph “85” of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

86. DENY the allegations set forth in Paragraph "86" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

87. DENY the allegations set forth in Paragraph "87" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

88. DENY the allegations set forth in Paragraph "88" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

89. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "89" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

90. DENY the allegations set forth in Paragraph "90" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

91. DENY the allegations set forth in Paragraph "91" of the Complaint, except admit that Plaintiff requested an accommodation to the COVID-19 Vaccine Mandate applicable to him.

92. DENY the allegations set forth in Paragraph "92" of the Complaint.

93. DENY the allegations set forth in Paragraph "93" of the Complaint.

94. DENY the allegations set forth in Paragraph "94" of the Complaint.

95. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "95" of the Complaint.

96. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "96" of the Complaint.

97. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "97" of the Complaint.

98. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "98" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

99. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "99" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

100. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "100" of the Complaint.

101. DENY the allegations set forth in Paragraph "101" of the Complaint.

102. DENY the allegations set forth in Paragraph "102" of the Complaint.

103. DENY the allegations set forth in Paragraph "103" of the Complaint.

104. DENY the allegations set forth in Paragraph "104" of the Complaint.

105. DENY the allegations set forth in Paragraph "105" of the Complaint, and respectfully refer the Court to the Vaccine Mandate referenced therein for a complete and accurate statement of the contents thereof.

106. DENY the allegations set forth in Paragraph "106" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

107. DENY the allegations set forth in Paragraph "107" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

108. DENY the allegations set forth in Paragraph "108" of the Complaint, and respectfully refer the Court to the link referenced therein for a complete and accurate statement of the contents thereof.

109. DENY the allegations set forth in Paragraph "109" of the Complaint, and respectfully refer the Court to the Executive Order referenced therein for a complete and accurate statement of the contents thereof.

110. DENY the allegations set forth in Paragraph "110" of the Complaint, and respectfully refer the Court to the Executive Order referenced therein for a complete and accurate statement of the contents thereof.

111. DENY the allegations set forth in Paragraph "111" of the Complaint.

112. DENY the allegations set forth in Paragraph "112" of the Complaint, and respectfully refer the Court to the Executive Order referenced therein for a complete and accurate statement of the contents thereof.

113. DENY the allegations set forth in Paragraph "113" of the Complaint, except admit that Plaintiff was employed by DSNY and was terminated from his employment.

114. DENY the allegations set forth in Paragraph "114" of the Complaint.

115. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "115" of the Complaint.

116. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "116" of the Complaint.

117. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "117" of the Complaint.

118. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "118" of the Complaint.

119. DENY the allegations set forth in Paragraph "119" of the Complaint.

120. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "120" of the Complaint.

121. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "121" of the Complaint.

122. DENY knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "122" of the Complaint.

123. DENY the allegations set forth in Paragraph "123" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth as to the COVID-19 vaccine.

124. DENY the allegations set forth in Paragraph "124" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth as to the purported *salus populi* rational [sic].

125. DENY the allegations set forth in Paragraph "125" of the Complaint.

126. DENY the allegations set forth in Paragraph "126" of the Complaint.

127. In response to Paragraph "127" of the Complaint, Defendants repeat and re-allege their responses to Paragraphs "1" through "126" of the Complaint as if set forth fully herein.

128. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "128" of the Complaint.

129. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "129" of the Complaint.

130. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "130" of the Complaint.

131. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "131" of the Complaint.

132. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "132" of the Complaint.

133. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "133" of the Complaint.

134. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "134" of the Complaint.

135. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "135" of the Complaint.

136. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "136" of the Complaint.

137. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "137" of the Complaint.

138. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "138" of the Complaint.

139. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "139" of the Complaint.

140. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "140" of the Complaint.

141. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "141" of the Complaint.

142. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "142" of the Complaint.

143. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "142" of the Complaint.

144. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "144" of the Complaint.

145. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "145" of the Complaint.

146. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "146" of the Complaint.

147. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "147" of the Complaint.

148. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "148" of the Complaint.

149. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "149" of the Complaint.

150. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "150" of the Complaint.

151. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "151" of the Complaint.

152. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "152" of the Complaint.

153. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "153" of the Complaint.

154. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "154" of the Complaint.

155. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "155" of the Complaint.

156. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "156" of the Complaint.

157. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "157" of the Complaint.

158. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "158" of the Complaint.

159. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "159" of the Complaint.

160. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "160" of the Complaint.

161. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "161" of the Complaint.

162. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "162" of the Complaint.

163. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "163" of the Complaint.

164. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "164" of the Complaint.

165. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "165" of the Complaint.

166. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "166" of the Complaint.

167. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "167" of the Complaint.

168. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "168" of the Complaint.

169. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "169" of the Complaint.

170. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "170" of the Complaint.

171. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "171" of the Complaint.

172. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "172" of the Complaint.

173. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "173" of the Complaint.

174. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "174" of the Complaint.

175. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "175" of the Complaint.

176. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "176" of the Complaint.

177. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "177" of the Complaint.

178. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "178" of the Complaint.

179. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "179" of the Complaint.

180. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "180" of the Complaint.

181. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "181" of the Complaint.

182. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "182" of the Complaint.

183. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "183" of the Complaint.

184. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "184" of the Complaint.

185. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "185" of the Complaint.

186. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "186" of the Complaint.

187. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "187" of the Complaint.

188. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "188" of the Complaint.

189. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "189" of the Complaint.

190. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "190" of the Complaint.

191. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "191" of the Complaint.

192. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "192" of the Complaint.

193. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "193" of the Complaint.

194. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "194" of the Complaint.

195. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "195" of the Complaint.

196. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "196" of the Complaint.

197. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "197" of the Complaint.

198. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "198" of the Complaint.

199. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "199" of the Complaint.

200. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "200" of the Complaint.

201. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "201" of the Complaint.

202. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "202" of the Complaint.

203. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "203" of the Complaint.

204. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "204" of the Complaint.

205. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "205" of the Complaint.

206. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "206" of the Complaint.

207. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "207" of the Complaint.

208. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "208" of the Complaint.

209. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "209" of the Complaint.

210. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "210" of the Complaint.

211. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "211" of the Complaint.

212. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "212" of the Complaint.

213. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "213" of the Complaint.

214. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "214" of the Complaint.

215. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "215" of the Complaint.

216. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "216" of the Complaint.

217. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "217" of the Complaint.

218. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "218" of the Complaint.

219. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "219" of the Complaint.

220. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "220" of the Complaint.

221. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "221" of the Complaint.

222. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "222" of the Complaint.

223. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "223" of the Complaint.

224. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "224" of the Complaint.

225. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "225" of the Complaint.

226. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "226" of the Complaint.

227. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "227" of the Complaint.

228. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "228" of the Complaint.

229. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "229" of the Complaint.

230. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "230" of the Complaint.

231. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "231" of the Complaint.

232. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "232" of the Complaint.

233. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "233" of the Complaint.

234. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "234" of the Complaint.

235. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "235" of the Complaint.

236. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "236" of the Complaint.

237. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "237" of the Complaint.

238. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "238" of the Complaint.

239. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "239" of the Complaint.

240. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "240" of the Complaint.

241. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "241" of the Complaint.

242. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "242" of the Complaint.

243. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported First Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "243" of the Complaint.

244. In response to Paragraph "244" of the Complaint, Defendants repeat and re-allege their responses to Paragraphs "1" through "243" of the Complaint as if set forth fully herein.

245. Paragraph "245" of the Complaint sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny the allegations set forth in Paragraph "245" of the Complaint.

246. DENY the allegations set forth in Paragraph "246" of the Complaint.

247. DENY the allegations set forth in Paragraph "247" of the Complaint.

248. DENY the allegations set forth in Paragraph "248" of the Complaint, except admit that Plaintiff was employed by DSNY and was terminated from his employment.

249. DENY the allegations set forth in Paragraph "249" of the Complaint.

250. DENY the allegations set forth in Paragraph "250" of the Complaint.

251. In response to Paragraph "251" of the Complaint, Defendants repeat and re-allege their responses to Paragraphs "1" through "250" of the Complaint as if set forth fully herein.

252. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "252" of the Complaint.

253. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "253" of the Complaint.

254. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "254" of the Complaint.

255. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "255" of the Complaint.

256. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "256" of the Complaint.

257. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "257" of the Complaint.

258. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "258" of the Complaint.

259. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "259" of the Complaint.

260. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "260" of the Complaint.

261. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "261" of the Complaint.

262. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "262" of the Complaint.

263. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "263" of the Complaint.

264. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "264" of the Complaint.

265. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "265" of the Complaint.

266. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "266" of the Complaint.

267. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "267" of the Complaint.

268. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "268" of the Complaint.

269. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "269" of the Complaint.

270. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "270" of the Complaint.

271. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "271" of the Complaint.

272. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "272" of the Complaint.

273. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "273" of the Complaint.

274. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "274" of the Complaint.

275. In its Memorandum and Order dated October 28, 2024, the Court dismissed Plaintiff's purported Third Cause of Action (see ECF No. 19), therefore no response is required to Paragraph "275" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

276. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

277. Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.

**AS AND FOR A THIRD DEFENSE**

278. Plaintiff failed to satisfy all conditions precedent to bringing this action.

**AS AND FOR A FOURTH DEFENSE**

279. Plaintiff's request for a religious exemption from the COVID-19 Vaccine Mandate imposed an undue burden on Defendant.

**AS AND FOR A FIFTH DEFENSE**

280. To the extent the Complaint demands punitive damages against Defendants, that request is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A SIXTH DEFENSE**

281. Plaintiff does not have a bona fide or sincerely held religious belief that conflicts with an employment requirement.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
January 17, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, 2-190
New York, New York 10007
(212) 356-2467

By: /s/ Kathleen M. Linnane

Kathleen M. Linnane
Assistant Corporation Counsel
klinnane@law.nyc.gov

To: All Counsel of Record, by ECF