

<table>
<tr><td>

**STEVEN BANKS**
*Corporation Counsel*

</td><td>

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

</td><td>

**DOMINIQUE ANGLADE**
Labor & Employment Law Division
(212) 356-2432
danglade@law.nyc.gov

</td></tr>
</table>

July 1, 2026

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   Famiglietti v. New York City Dept. of Sanitation, et al.
>        23-cv-02754-LDH-VMS

Dear Judge DeArcy Hall:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and counsel for Defendants City of New York, Eric Adams, and David Chokshi in the above-referenced action.[1]  Pursuant to Your Honor's Individual Practices, Defendants submit this letter, requesting a pre-motion conference to discuss their anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and annex Defendants' 56.1 Statement along with the cited to exhibits.

**A.      Case Summary**

Plaintiff, a former employee of Defendant City, worked as a Sanitation Worker for the New York City Department of Sanitation ("DSNY"), one of Defendant City's agencies. Plaintiff has one remaining claim against Defendant for failure to accommodate under Title VII. Plaintiff alleges that Defendants 1) unlawfully denied his religious accommodation request seeking exemption to the COVID-19 vaccine mandate on January 12, 2022, and 2) unlawfully terminated his employment on April 25, 2022 for failing to show proof of vaccination after his religious accommodation request was denied.

**B.      Title VII Failure to Accommodate Claim Must Be Dismissed**

Plaintiff's failure to accommodate claim must be dismissed because Plaintiff failed to timely file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  In New York State, when a plaintiff files a charge of discrimination for

---

[1] Plaintiff's religious discrimination claims under Title VII and Equal Protection claim based on selective enforcement were dismissed on October 28, 2024. <u>See</u> Memorandum and Order, ECF Dkt. No. 19.

a Title VII claim more than 300 days after the alleged discriminatory decisions he challenges occurred, the claims are untimely and must be dismissed.  See 42 U.S.C. § 2000e-5(e)(1) [*12] (Title VII); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325(2d Cir. 1999); Josey v. N.Y. City Police Dep't, et al., No. 07-cv-6420 (SHS), 2008 U.S. Dist. LEXIS 51999, at *12-14; 18-19 (S.D.N.Y. July 7, 2008).

Plaintiff's placement on Leave Without Pay status, alleged demotion which occurred while he on Leave Without Pay Status, and subsequent termination of employment on April 25, 2022, were all the result of Defendant City's January 12, 2022 denial of Plaintiff's appeal of DSNY's denial of his religious accommodation request for an exemption to the COVID-19 vaccine mandate.  See Defs. 56.1 at ¶¶ 20-31.  Plaintiff's claims ripened on the date the final decision to deny him the religious accommodation was rendered and communicated to him, not the date on which Plaintiff was allegedly demoted, and when his employment was subsequently terminated.  See Cohen v. City of N.Y., No. 12-CV-1932 (RRM)(RLM), 2013 U.S. Dist. LEXIS 109708, at *10 (E.D.N.Y. Aug. 5, 2013) (holding that the triggering event for the limitations period is when the defendant allegedly engaged in discriminatory conduct, not when the plaintiff was subjected to the ultimate consequences of that purported discrimination).  The rejection of a reasonable accommodation request is an act that must be the subject of a complaint to the EEOC within 300 days.  See Solomon v. Cnty. of Nassau, 2021 U.S. Dist. LEXIS 230153, at *19 (E.D.N.Y. Dec. 1, 2021).

Here, Plaintiff sought an exemption from the City's Order which stated that any City employee who has not provided the proof of COVID-19 vaccination must be excluded from the premises at which they work.  See Defs. 56.1 ¶¶ 4,6.  Plaintiff requested a religious accommodation.  See id. ¶ 6.  Plaintiff's request for a religious accommodation was denied by DSNY on November 18, 2022.  See Defs. 56.1 at ¶ 14.  He filed an appeal of DSNY's decision on November 22, 2022.  See id. ¶ 17.  On January 12, 2022, Plaintiff was informed that his appeal of DSNY's decision to deny his accommodation request to be exempt from having to take the COVID-19 vaccine was denied.  See id. ¶ 18.  Plaintiff was informed that if he did not show proof of vaccination, then he would be placed on leave without pay status until he provided proof of vaccination.  See id. ¶ 19.  He was later informed on April 18, 2022, that any internal administrative remedies afforded to him by the NYC Reasonable Accommodation Process had been exhausted, and therefore, because he had not provided proof of COVID-19 vaccination, his employment may be terminated on April 25, 2022.  See id. ¶ 27.

Accordingly, Plaintiff was required to file an EEOC charge within 300 days after the January 12, 2022 denial of his appeal of the denial of his request for a religious accommodation or no later than November 8, 2022.  Plaintiff's January 22, 2023 EEOC charge of discrimination was thus untimely, as it was filed more than 300 days after Defendant City's denial of his appeal. See Defs. 56.1 ¶¶ 20,32.  Accordingly, granting Defendants' summary judgment on Plaintiff's Title VII failure to accommodate claim is appropriate.  See Elmenayer, 318 F.3d at 134-135 (affirming that the District Court's rejection of a plaintiff's accommodation as time-barred was appropriate because the plaintiff did not file a charge with the EEOC within 300 days after the denial of the accommodation).

Notwithstanding the fact that Plaintiff's claim is time-barred, Plaintiff's failure to accommodate claim lacks merit.  To make out a prima facie case of failure to accommodate under Title VII, Plaintiff must show: (1) a bona fide religious belief conflicting with an employment

requirement; (2) the employer was informed of that belief; and (3) he was disciplined for failure to comply with the conflicting requirement. Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). Once that showing is made, the burden shifts to the employer to demonstrate it offered a reasonable accommodation or that any accommodation would constitute an undue hardship. Haczynska v. Mount Sinai Health Sys., 738 F. Supp. 3d 300, 320 (E.D.N.Y. 2024). Plaintiff cannot establish that he communicated to DSNY that he held a bona-fide religious belief that prevented him from receiving any of the COVID-19 vaccinations. Defendant attempted to obtain additional information from Plaintiff about his asserted need for a religious accommodation, and Plaintiff failed to provide Defendant with additional information. See Defs. 56.1 ¶¶ 9-15. An employee who is responsible for the breakdown of that interactive process should not recover for a failure to accommodate. See Nugent v. St. Lukes-Roosevelt Hosp. Ctr., 303 F. App'x 943, 946 (2d Cir. 2008) (upholding the district court's grant of summary judgment for the defendant employer because the employer was receptive to the proposed accommodation but the plaintiff was responsible for the breakdown of the interactive process). In evaluating a claim for failure to accommodate, therefore, "courts should attempt to isolate the cause of the breakdown [of the interactive process] and then assign responsibility." See Beck v. Univ. of Wis. Bd. of Regents, 75 F.3d 1130, 1135-36 (7th Cir. 1996) ("[C]ourts should look for signs of failure to participate in good faith or failure by one of the parties to make reasonable efforts to help the other party determine what specific accommodations are necessary.").

Accordingly, for the foregoing reasons, Defendants respectfully request a pre-motion conference to discuss their anticipated motion for summary judgment.

Respectfully submitted,

/s/ Dominique Anglade
Dominique Anglade
Assistant Corporation Counsel

CC (by ECF):  Chad J. Laveglia, Esq.
Law Office of Chad J. Laveglia
Attorneys for Plaintiff

3