UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROCCO FAMIGLIETTI,

                         Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
SANITATION, CITY OF NEW YORK, ERIC
ADAMS, DAVID CHOKSHI,

                         Defendants.

------------------------------------------------------------------x

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

No. 23-CV-02754 (LDH) (VHS)

       Pursuant to Local Civil Rule 56.1 of the United States District Court for the Eastern District of New York, defendants City of New York, Eric Adams, and David Chokshi,[1] by their attorney, Steven Banks, Corporation Counsel of the City of New York, submit the following statement of material facts as to which there is no genuine issue to be tried. Defendants adopt the facts set forth herein only for purposes of its anticipated Motion for Summary Judgment and reserve the right to present different and/or conflicting facts at trial in this matter.[2]

**A. Employment Background**

       1.      Plaintiff was employed by Defendant City, and worked at New York City Department of Sanitation ("DSNY"), an agency of Defendant City, from September of 2014, until his employment was terminated on April 25, 2022. See Exhibit N, Famiglietti Depo. Tr., at 15:1-3.

---

[1] Plaintiff's claims against Defendant New York City Department of Sanitation were dismissed on October 28, 2024. See Memorandum and Order, ECF Dkt. No. 19.

[2] All exhibits referenced herein will be annexed to a Declaration of Dominique Anglade to be filed in support of Defendants' anticipated Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**B. COVID-19 Pandemic and Defendant's COVID-19 Vaccine Mandate**

2.　In March 2020, Mayor Bill de Blasio issued Emergency Executive Order No. 98 declaring a state of emergency in the City to address the threat posed by COVID-19, a virus, to the health and welfare of City residents.  See Exhibit A, October 20, 2021 Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees-Contractors-and Others (referred to herein as "COVID-19 Vaccine Mandate").

3.　On October 20, 2021, former Health Commissioner Chokshi issued the City Order requiring COVID-19 vaccinations for City employees and certain City contractors. Specifically, the City Order required that by 5:00 p.m. on October 29, 2021, City employees must provide proof to the agency or office where they work that: (1) they have been fully vaccinated against COVID-19; or (2) they have received a single-dose COVID-19 vaccine, even if two weeks have not passed since they received the vaccine; or (3) they have received the first dose of a two-dose COVID-19 vaccine. See Exhibit A, COVID-19 Vaccine Mandate.

4.　The City Order required that any City employee not providing the above-described proof must be excluded from their assigned work location beginning on November 1, 2021.  Id. at 3 ¶¶ 2-3.  In addition, the City Order specifically provided that "Nothing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law."  Id. at ¶ 8.

5.　In response to the City Order, the City established procedures specific to requests for vaccination-related accommodations in an effort to address accommodation requests that would be made by City employees.  See Exhibit O, Ryan David Depo. Tr., at 9:15-24.

**C.　Plaintiff's Religious Accommodation/Exemption Request to DSNY**

6.　On October 27, 2021, Plaintiff submitted a request for a religious exemption to the COVID-19 vaccine mandate via email to DSNY. See Exhibit. B, Email from Plaintiff to DSNY

Entitled "Religious Accommodation Letter," dated October 27, 2021, bearing Bates stamp No. DEF000022.

7.      Plaintiff attached a religious exemption letter, dated October 26, 2021, to the email. See id.; see also Exhibit C, Religious Exemption Letter Signed by Plaintiff, dated October 26, 2021, bearing Bates stamp Nos. DEF000023-DEF000025.

8.      In his religious exemption letter, Plaintiff self-identified as a Catholic, and stated "The Roman Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if his or her informed conscience comes to this sure judgment. . . . As a Catholic, I am morally against subjecting my body to a medical practice, such as this required immunization, as it is contradictory to obeying my conscience to faithfully make moral and ethical decisions that I know to be just and right." see also Exhibit C, Religious Exemption Letter Signed by Plaintiff, dated October 26, 2021, bearing Bates stamp Nos. DEF000023-DEF000025.

9.      On November 2, 2021, Agency Attorney Julie Cascino at DSNY's Office of Equity, Diversity, & Inclusion, sent Plaintiff an email on behalf of DSNY, informing Plaintiff that based on the information that he provided, DSNY was requesting supplemental information to assist DSNY with making a determination as to his request. see Exhibit D, DSNY Email to Plaintiff Requesting Additional information, dated November 2, 2021, bearing Bates stamp Nos. DEF000026-DEF000027.

10.     The November 2, 2021 email to Plaintiff asked Plaintiff to provide additional information including information regarding how, in his own words, complying with the vaccination mandate will conflict with his sincerely held religious belief. See id. at DEF000026.

3

This information may include how long he held this belief or how his belief has impacted other medical decisions he had made in the past.  Id.

11.      Plaintiff responded to DSNY's request for additional information on November 4, 2021 by sending an email with an attached letter.  See Exhibit E, Plaintiff's Email to DSNY in Response to Request for Additional Information, dated November 4, 2021, bearing Bates stamp Nos. DEF000028-DEF000029; Exhibit F, Plaintiff's Religious Exemption 2 Letter, dated November 4, 2021, bearing Bates stamp Nos. DEF0000030-DEF0000031.

12.      In Plaintiff's November 4, 2021 letter, he failed to include the additional information DSNY asked him to provide to assist DSNY with making a determination.  See Exhibit F, Plaintiff's Religious Exemption 2 Letter, dated November 4, 2021, bearing Bates stamp Nos. DEF0000030-DEF0000031.

13.      Plaintiff stated in his November 4, 2021 letter to DSNY that "It is also against my belief, practice, and constitutional rights to be obligated to explain the reasons for personal and religious beliefs and values.  See id.

14.      In an email sent to Plaintiff on November 18, 2021, DSNY notified Plaintiff that his accommodation requested was denied. See Exhibit G, DSNY's Denial Email, dated November 18, 2021, bearing Bates stamp No. RF0015Prod_1-RF0016Prod_1.

15.      The reason for the denial of Plaintiff's accommodation request was that Plaintiff had not provided sufficient support to serve as a basis for granting him an accommodation Id.

16.      DSNY informed Plaintiff that he had three business days in which to appeal, either to a central Citywide or a private arbitration service.  Id.

**G.     Plaintiff's Appeal of DSNY's Decision to the Citywide Panel**

17.     Plaintiff submitted his appeal to the Citywide Panel on November 22, 2021. See Exhibit H, Email to Plaintiff Confirming Receipt of Appeal, dated November 22, 2021, bearing Bates stamp No. DEF0000036.

**H.     Citywide Panel's Denial of Plaintiff's Appeal**

18.     On January 12, 2022, Plaintiff was notified by DSNY, via email, that "the City of New York Reasonable Accommodation Appeals Panel denied his appeal for a religious exemption. See Exhibit I, Email to Plaintiff, dated January 12, 2022 Regarding Denial of Plaintiff's Appeal, bearing Bates Stamp Nos. DEF0000039.

19.     Plaintiff was notified via the January 12, 2022 email that he was required to submit proof of COVID-19 vaccination no later than January 18, 2022, otherwise he would be placed on leave without pay status until he provided proof of COVID-19 vaccination. Id.

20.     On January 14, 2022, Plaintiff responded to the January 12, 2022 email and stated that he had recently tested positive for COVID-19 on December 24, 2021, and that he was instructed by the DSNY coronavirus hotline that he did not need to submit to weekly testing or be vaccinated for 90 days, which would be March 24, 2022. See Exhibit J, Email Exchange Between DSNY and Plaintiff Regarding Plaintiff's Request, dated January 12, 2022 through January 18, 2022, bearing Bates Stamp Nos. DEF0000040-DEF0000042.

21.     DSNY advised Plaintiff that although he had a 90-day testing exemption, per the current CDC guidance, it was not necessary to wait 90 days after a positive COVID case to safely receive the vaccine. See id., DEF0000040.

22.     DSNY further advised Plaintiff that he must still provide proof of vaccination by January 18, 2022, and if not, then he would be placed on Leave Without Pay status. Id.

5

23.     On January 23, 2022, Plaintiff emailed DSNY and informed them that his primary care physician advised him against receiving the COVID-19 vaccine for at least 90 days post positive infection. See Exhibit K, Email Exchange Between DSNY and Plaintiff Regarding His COVID-19 Diagnosis and Temporary Extension, dated January 12, 2022 through January 24, 2022, bearing Bates Stamp Nos. DEF0000043-DEF0000047.

24.     On Monday, January 24, 2022, DSNY informed Plaintiff, via email, that in accordance with the doctor's note that Plaintiff sent to DSNY, DSNY was granting him an extension of the time required to submit proof of COVID-19 vaccination. See id., Bates Stamp Nos. DEF0000043.

25.     DSNY also informed Plaintiff that it would permit Plaintiff to work through the new submission deadline. Id.

26.     DSNY informed Plaintiff that he must submit proof of COVID-19 vaccination no later than Sunday, April 3, 2022, and that if he did not submit proof of vaccination by that date, then he would be placed on Leave Without Pay status until he provided proof of vaccination. Id.

27.     On April 18, 2002, DSNY emailed Plaintiff to advise him that following the denial of his appeal request for an exemption from the COVID-19 vaccination, any internal administrative remedies afforded to him by the NYC Reasonable Accommodation process had been exhausted. See Exhibit L, Email to Plaintiff Regarding Expiration of Temporary Medical Exemption and Possible Termination, dated April 18, 2022, bearing Bates Stamp No. DEF0000049.

28.     DSNY informed Plaintiff that because he still had not provided proof of COVID-19 vaccination, his employment would be terminated on April 25, 2025. Id.

**H.      Plaintiff's Placement on Leave Without Pay and Termination**

29.    On April 25, 2022, DSNY sent Plaintiff a letter informing him that his employment was terminated because he did not submit proof of COVID-19 vaccination.  See Exhibit M, Letter to Plaintiff dated April 25, 2022 Regarding Termination of Employment Effective April 25, 2022, bearing Bates Stamp No. DEF0000051.

30.    On January 22, 2023, Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission.  See Exhibit P, Plaintiff's EEOC Charge of Discrimination, dated January 22, 2023, bearing Bates Stamp Nos. RF_0044_Prod1 - RF_0045_Prod1.

DATED:      July 1, 2026
                New York, New York

                                                STEVEN BANKS
                                                Corporation Counsel of the
                                                  City of New York
                                                Attorney for the Defendants
                                                100 Church Street, Room 2-144
                                                New York, New York 10007
                                                T: (212) 356-2432
                                                E:  danglade@law.nyc.gov

                                                By:      /s/ Dominique Anglade
                                                         Dominique Anglade
                                                         Assistant Corporation Counsel

7