# LAW OFFICE OF CHAD J. LAVEGLIA PLLC



July 22, 2026

Re:    Re: <u>Famiglietti v. NYC Department of Sanitation et al.,</u><br>Docket No.: 23-cv-02754 (LDH) (VMS)<br>Plaintiff's Letter Response in Opposition to Defendant's<br>Motion for Summary Judgment

<u>**VIA ECF**</u>
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Dear Judge Hall:

The Court should deny Defendant's motion in its entirety. This case concerns a stark choice Defendant placed upon Plaintiff: abandon his sincerely held religious beliefs and receive the COVID-19 vaccine or remain steadfast to his faith and lose his career. The defendant left Plaintiff with no middle ground. It was all or nothing. Plaintiff did not waver. But the denial of his accommodation, by itself, inflicted no cognizable injury: he kept working, at full pay, observing his beliefs as before. His injury came only when Defendant acted on its ultimatum—suspending his pay on April 4, 2022, and terminating him on April 25, 2022. Thus, denial of Plaintiff's accommodation is very different than denial of typical religious accommodation requests such as an extended break to observe religious services. A limitations period measures from the moment of injury. Because Plaintiff filed within 300 days of both adverse actions, his charge was timely. In addition, Defendant's renewed attack on the sincerity of Plaintiff's religious beliefs fares no better now than it did on its motion to dismiss. Plaintiff has established a prima facie case, and Defendant neither offered a reasonable accommodation nor showed that providing one would impose an undue hardship—or any hardship. The motion should be denied.

I.    PLAINTIFF'S CHARGE WAS TIMELY BECAUSE THE 300-DAY PERIOD RAN FROM HIS PLACEMENT ON LEAVE WITHOUT PAY — NOT FROM THE DENIAL OF HIS ACCOMMODATION REQUEST.

Plaintiff's claim accrued on April 4, 2022, when Defendant placed him on leave without pay. A limitations period does not begin until the plaintiff has a "complete and present cause of action." *Green v. Brennan*, 578 U.S. 547, 554 [2016]. That is, until he "can file suit and obtain relief." *Id*. A failure-to-accommodate claim—to be complete and actionable—requires an adverse employment action. *See Baker v. The Home Depot*, 445 F.3d 541, 546 [2d Cir. 2006].

1

Specifically, Plaintiff must show that "he or she was disciplined for failure to comply with the conflicting employment requirement." *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 [2d Cir. 1985]. Prior to April 4, 2022, Plaintiff was working full time even though he had not complied with the conflicting employment requirement. *See* (Pltf. 56.1 ¶ 26). On April 4, 2022, Defendant placed Plaintiff on leave without pay (Pltf. 56.1 ¶ 47). Then, Defendant terminated Plaintiff on April 25, 2022. (Pltf. 56.1 ¶ 48). Therefore, the statutory limitations period to file a charge with the Equal Opportunity Employment Commission (EEOC) began on April 4, 2022, since it is when Plaintiff's failure to accommodate claim first became actionable.

II.   IN ANY EVENT, PLAINTIFF'S CHARGE WAS TIMELY BECAUSE HIS PLACEMENT ON UNPAID LEAVE AND HIS TERMINATION ARE DISCRETE ACTS THAT EACH STARTED A NEW 300-DAY CLOCK

At a minimum, Defendant's placement of Plaintiff on leave without pay and subsequent termination are discrete acts that started a new clock for filing charges. *See National Railroad Passenger Corp. v. Morgan, 5*36 U.S. 101 [2002] ("*Morgan*") (holding that each discrete act, including termination, constitutes a separate actionable unlawful employment practice that "starts a new clock for filing charges"); *accord Elmenayer v. ABF Freight System, Inc.,* 318 F.3d 130 [2d Cir. 2003]. Plaintiff was placed on leave without pay on April 4, 2022, and terminated on April 25, 2022. (Pltf. 56.1 ¶¶ 47, 48). Plaintiff filed a charge with the EEOC on January 22, 2023. (Defs 56.1 ¶30). The three hundred (300) day window therefore started on March 28, 2022. Accordingly, Plaintiff's claims for the unlawful employment practices that occurred on April 4, 2022, and April 25, 2022, are within the period of limitations since they are within three hundred (300) days from when Plaintiff filed a charge with the EEOC.

In addition, Defendant's argument that untimely claims outside the limitations window should convert ones made within the window to be untimely is directly controverted by *Morgan* and its progeny. 536 U.S. 101 [2002].

III.   DEFENDANT FAILS ON THE MERITS AS A MATTER OF LAW AND, AT BEST, RAISES GENUINE ISSUES OF MATERIAL FACT.

At best, Defendant raises issues of triable fact. To make out a prima facie case the plaintiff must show that the plaintiff (1) held a bona fide religious belief conflicting with an employment requirement; (2) the plaintiff informed their employer of that belief; and (3) the plaintiff was disciplined for failure to comply with the conflicting requirement. *Baker v. The Home Depot*, 445 F.3d 541 [2d Cir. 2006]. On October 27, 2021, Plaintiff submitted a letter to DSNY requesting to be accommodated from the vaccine mandate. (Defs 56.1 ¶ 7). Plaintiff set forth the religious beliefs that conflicted with the vaccine mandate (*see* Def. Ex. C). Then, on November 4, 2021, Plaintiff again informed DSNY of his sincerely held religious beliefs conflicting with the vaccine mandate. (*See* Defs 56.1 ¶ 11). Defendant placed Plaintiff on leave without pay on April 4, 2022, and terminated Plaintiff on April 25, 2022. (*See* Pltf. 56.1 ¶¶ 48, 49). Defendant's argument that "Plaintiff cannot

2

establish that he communicated to DSNY that he held a bona-fide religious belief that prevented him from receiving any of the COVID-19 vaccinations" is beyond misplaced (Def. pre-motion conference letter, ECF No 32). To the extent Defendant contests the sincerity of Plaintiff's beliefs, that inquiry turns on credibility and is quintessentially for the jury—not for resolution on summary judgment. Plaintiff's written accommodation request and his reaffirmation of his religious objection are alone sufficient to raise a triable issue.

Once the plaintiff makes out a prima facie case the burden shifts to the defendant employer to show that it offered a reasonable accommodation or that doing so would have resulted in an undue hardship. *See Cosme v. Henderson,* 287 F.3d 152 [2d Cir. 2002]. Moreover, an undue hardship is one that results in "substantial increased costs in relation to the conduct of the particular business." *Groff v. DeJoy,* 600 U.S. 447, 470 [2023]. Here, the defendant neither offered Plaintiff an accommodation nor showed that providing one would result in any hardship, let alone any undue hardship. (*See* Def. Exs. C, I). Accordingly, Defendant's motion should be denied because it fails as a matter of law.

Dated:   July 22, 2026
     Hauppauge, New York

          Respectfully Submitted ,

          /s/ *Chad J. LaVeglia*
          By: Chad J. Laveglia Esq.,
          Law Office of Chad J. LaVeglia PLLC
          350 Motor Parkway, Ste #308
          Hauppauge, NY 11788
          (631) 333-8478
          claveglia@cjllaw.org