

**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DOMINIQUE ANGLADE**
Labor & Employment Law Division
(212) 356-2432
danglade@law.nyc.gov

July 24, 2026

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: Famiglietti v. New York City Dept. of Sanitation, et al.
> 23-cv-02754-LDH-VMS

Dear Judge DeArcy Hall:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and counsel for Defendants City of New York, Eric Adams, and David Chokshi in the above-referenced action. I write to respectfully request leave to file an amended pre-motion conference letter (for their anticipated motion for summary judgment) and 56.1 statement. Pursuant to your Honor's Individual Practices Rule III(A)(6)(k), Defendants are not permitted to supplement their 56.1 Statements absent just cause and leave of the Court. Defendants submit the following circumstances described below constitute just cause, and respectfully request that the Court grant Defendants leave to file an amended pre-motion conference letter and 56.1 statement. I notified Plaintiff's counsel of my request, and he stated that he cannot consent. He did not provide a reason.

Plaintiff, a former employee of Defendant City, worked as a Sanitation Worker for the New York City Department of Sanitation ("DSNY"), one of Defendant City's agencies. Plaintiff has one remaining claim against Defendant for failure to accommodate under Title VII. Plaintiff alleges that Defendants 1) unlawfully denied his religious accommodation request seeking exemption to the COVID-19 vaccine mandate on January 12, 2022, and 2) unlawfully terminated his employment on April 25, 2022, for failing to show proof of vaccination after his religious accommodation request was denied.

On July 1, 2026, Defendants filed a pre-motion letter citing the then prima facie standard within the Second Circuit for Title VII religious failure to accommodate claims. Defendants stated that "to make out a prima facie case of failure to accommodate under Title VII, Plaintiff must show: (1) a bona fide religious belief conflicting with an employment requirement; (2) the employer was informed of that belief; and (3) he was disciplined for failure to comply with the conflicting requirement. Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)." See ECF Dkt. No. 32 at p. 2. On July 22, 2026, Plaintiff's counsel filed his response letter and counter

56.1 statement. In his response letter, he referenced the same standard Defendants stated in their pre-motion conference letter. See ECF Dkt. No. 33 at pp. 2-3.

It has come to my attention that on July 14, 2026, two weeks after Defendants filed their pre-motion conference letter and 56.1 statement on July 1st, the Second Circuit issued a decision in Bergin v. N. Y. State Unified Ct. Sys, a vaccine case, in which it adopted a new standard for Title VII religious failure to accommodate claims. See 2026 U.S. Dist. LEXIS 20685 at *3 (2d Cir. 2026).

In Bergin, the plaintiff was terminated for failure to comply with a COVID-19 vaccination requirement after her employer denied her request for a religious exemption. Id. She sued the employer under Title VII of the Civil Rights Act of 1964, asserting a single claim of failure to accommodate her religion. Id. The United States District Court for the Eastern District of New York (Cogan, J.) granted partial summary judgment for the plaintiff, holding that there was no genuine dispute that the plaintiff had made out a prima facie case of religious discrimination—resting in large part on statements made by the employer during discovery—and that the employer did not demonstrate that granting an accommodation would constitute an undue hardship. Id. The employer appealed, arguing that the district court failed to modify the prima facie test for failure-to-accommodate religion claims in light of EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015). Id. The Second Circuit in Bergin agreed and held for the first time that Abercrombie abrogated its earlier Title VII precedents. Id. Because the district court did not consider whether plaintiff satisfied the Abercrombie standard, the Second Circuit vacated the judgment in favor of plaintiff and remanded the action for further proceedings. See Bergin, 2026 U.S. App. LEXIS 20685, at *1-3.

Accordingly, the Second Circuit made clear in Bergin that now, to state a prima facie case of failure to accommodate religious belief or practice under Title VII, a plaintiff must demonstrate (1) that she actually required an accommodation of her religious practice, and (2) that the employer's desire to avoid the actually required prospective accommodation was a motivating factor in (3) an adverse employment decision. Id. at *3. Pursuant to Your Honor's Individual Rule III(A)(6)(l) "56.1 statements submitted in connection with the pre-motion conference [and letter] shall be relied upon by the Court in considering any motion for summary judgment." However, when Defendants filed its premotion conference letter and 56.1 statement on July 1, 2026, two weeks prior to the issuance of the Second Circuit Bergin decision, they did not include facts in their pre-motion letter and 56.1 that address the first two prongs of the new prima facie standard for Title VII failure to accommodate claims now recognized by the Second Circuit. Accordingly, with the recent change in controlling law, there is just cause for the Court give Defendants leave to refile their premotion conference letter and 56.1 statement. See Elsevier Inc. v. Grossmann, 2017 U.S. Dist. LEXIS 69677 at *23-24 (S.D.N.Y. May 8, 2017) (collecting cases in which courts have found good cause to support an amendment when the moving party seeking to amend diligently sought leave upon a change in controlling law).

Accordingly, for the foregoing reasons, Defendants respectfully request leave to file an amended pre-motion conference letter (for their anticipated motion for summary judgment) and 56.1 statement.

Should the Court grant Defendants' request, Defendants and Plaintiff propose the following briefing schedule:

- Defendants' premotion conference letter and 56.1 Statement due by August 24, 2026;
- Plaintiff's response letter and response to Defendants' 56.1 statement due by September 15, 2026 (15 business days after Defendants' submission); and
- Defendants' reply 56.1 statement due by September 29, 2026 (10 business days after Plaintiff's submissions).

Defendants thank the Court for its consideration of their request.

Respectfully submitted,

*/s/ Dominique Anglade*
Dominique Anglade
Assistant Corporation Counsel

CC (by ECF): Chad J. Laveglia, Esq.
Law Office of Chad J. Laveglia
Attorneys for Plaintiff