
STEVEN BANKS
*Corporation Counsel*

DOMINIQUE ANGLADE
Labor & Employment Law Division
(212) 356-2432
danglade@law.nyc.gov

July 31, 2026

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Famiglietti v. New York City Dept. of Sanitation, et al.
23-cv-02754-LDH-VMS

Dear Judge DeArcy Hall:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and counsel for Defendants City of New York, Eric Adams, and David Chokshi in the above-referenced action. I write to request an extension of time, to August 24, 2026, for Defendants to reply to Plaintiff's response 56.1 statement. Currently, Defendants' response is due by August 5th. This is Defendants' first request for an extension of this deadline. Plaintiff's counsel does not consent to this request.

Defendants request this extension because the filing of its response to Plaintiff's 56.1 statement may be rendered moot should the Court grant Defendant's motion for leave to amend their pre-motion conference letter (for their anticipated motion for summary judgment) and 56.1 statement. See ECF Dkt. No. 34. On July 24, 2026, Defendants requested leave to amend their pre-motion conference letter and 56.1 Statement due a material change in the controlling law for Title VII religious failure to accommodate claims that was rendered by the Second Circuit on July 16, 2026, two weeks after Defendants filed their pre-motion letter and 56.1 statement. See id.; see also Bergin v. N. Y. State Unified Ct. Sys, 2026 U.S. Dist. LEXIS 20685 at *3 (2d Cir 2026). As outlined in Defendants' motion, the facts in Bergin are similar to the facts in the instant case as they both deal with an employers' denial of an employee's religious accommodation request to be exempt from the COVID-19 vaccine. For the first time, on July 16, 2026, the Second Circuit acknowledged that the standard for a prima facie case for failure to accommodate religion under Title VII was changed by EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768 (2015), requiring proof that the employee actually needed an accommodation and that the employer's motive to avoid that accommodation was a factor in an adverse employment decision. Bergin, 2026 U.S. Dist. LEXIS 20685 at *3. The Second Circuit made clear in Bergin that now, to state a prima facie case of failure to accommodate religious belief or practice under Title VII, a plaintiff must demonstrate (1) that he actually required an accommodation of her religious practice, and (2)

that the employer's desire to avoid the actually required prospective accommodation was a motivating factor in (3) an adverse employment decision.

As stated in Defendants' motion, the newly adopted standard was not addressed in Defendants' pre-motion conference letter and 56.1 Statement as the Second Circuit decision was rendered two weeks after Defendants' filings. The Court has not yet rendered a decision on Defendants' motion. Accordingly, for the foregoing reasons, Defendants request an extension of time, to August 24, 2026, for Defendants to reply to Plaintiff's response 56.1 statement.

Defendants thank the Court for its consideration of their request.

Respectfully submitted,

*/s/ Dominique Anglade*
Dominique Anglade
Assistant Corporation Counsel

CC (by ECF): Chad J. Laveglia, Esq.
Law Office of Chad J. Laveglia
Attorneys for Plaintiff